RIDER, Respondent, vs. ASHLAND COUNTY, Appellant.

*February 3 — February 23, 1894.*

(1) *Counties: Powers of board: Employment of physician by the year.* (2, 3) *Physicians and surgeons: Right to collect fees: Pleading: Evidence.*

1. A county board may employ a physician by the year to attend to persons confined in the jail and poor persons who are a county charge.

Rider vs. Ashland County.

2. In an action to recover for medical services the complaint alleged that plaintiff had been employed by defendant as a physician and that a certain sum was due him for his services as such. *Held,* that on a demurrer *ore tenus* it would be implied from these allegations that plaintiff was entitled under sec. 1436, R. S., to compensation for his services, by reason of having received a diploma or being a member of a medical society.

3. Evidence that plaintiff is a practicing physician and a graduate of an incorporated school of medicine is sufficient to show that he is entitled to collect compensation for his services, under sec. 1436, R. S., and it may be inferred therefrom that he has received a diploma as required by that section.

APPEAL from the Circuit Court for *Ashland* County.

This action is to recover a balance claimed by the plaintiff to be due him for medical services rendered by him under a contract made by him with the supervisors of *Ashland* county. Plaintiff's bill for services was presented to the county board for allowance, and allowed, excepting for the sum of $50, which was disallowed. From this order the plaintiff appealed to the circuit court for *Ashland* county. In that court he filed a formal complaint, in which he alleged that he had been employed by the defendant as its physician, and that on a date named there was due him "from the defendant three hundred dollars, for eight months' services as physician for said defendant;" that the county board had allowed him $250, and refused to allow him more; and that there was still due him $50 for such services.

At the opening of the trial the defendant's attorney objected to any evidence under the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The objection was overruled. After the evidence the court directed a verdict for plaintiff for $50, with interest. Defendant offered no evidence. There was a motion for a new trial, denied, and judgment on the verdict, from which the defendant appeals.

*R. Sleight,* for the appellant, contended, *inter alia,* that the county board had no authority to employ the plaintiff or any one else by the year as county physician. The powers of the board are limited to those expressly conferred by statute. *Detroit v. Blackeby,* 21 Mich. 84, 114, 115; *Montgomery v. Jackson Co.* 22 Wis. 69; *Butler v. Milwaukee,* 15 id. 498. Towns and school districts have authority to employ attorneys for a particular case, but nowhere are they authorized to employ them by the year. The same principle governs counties as to the hiring of physicians. *State ex rel. Manitowoc v. County Clerk,* 59 Wis. 15; *Haner v. Polk,* 6 id. 350; *Butternut v. O'Malley,* 50 id. 333; *Fox Lake v. Fox Lake,* 62 id. 486; *McCaffrey v. School Dist.* 74 id. 100; *Butler v. Milwaukee,* 15 id. 498.

For the respondent the cause was submitted on the brief of *Dockery & Kingston.* They cited *French v. Dunn Co.* 58 Wis. 402; *Hall v. Baker,* 74 id. 118; *Taylor Co. v. Standley,* 79 Iowa, 666; *McDaniel v. Yuba Co.* 14 Cal. 444; *Marsh v. Fulton Co.* 10 Wall. 676; *Louisiana v. Wood,* 102 U. S. 294; *Chapman v. Douglas Co.* 107 id. 348.

NEWMAN, J. The defendant insists that the trial court erred in overruling its objection to the receipt of evidence under the complaint, for the reason that the complaint did not allege that the plaintiff had received a diploma from an incorporated medical society or college, or was a member of the state or some medical society legally organized in this state. It cannot be denied that this contention is plausible. The statute (R. S. sec. 1436) provides that: " No person practicing physic or surgery, or both, shall have the right to collect in any action in any court, fees or compensation for the performance of any medical or surgical service . . . unless he shall have received a diploma from some incorporated medical society or college, or shall be a member of the state or some county medical society legally

Rider vs. Ashland County.

organized in this state." It may be that it is necessary that the complaint should contain an allegation showing that the plaintiff is entitled, within this statute, to recover. The complaint does not in fact allege directly either that the plaintiff had received the needful diploma or that he had rendered the services. But it does allege both impliedly. It alleges the hiring, and that there is due to the plaintiff from the defendant for services as a physician the sum named. This could not be true unless the plaintiff was qualified to earn money by services as a physician. It could not be true unless the plaintiff had both received a diploma and had performed services. Without these, nothing could be lawfully due to him. So the facts necessary to sustain the action can be implied from the facts which are alleged. While the actual allegation, as contained in the complaint, might not be held sufficient when challenged directly by demurrer, it is sufficient as against an objection to evidence made for the first time at the trial. It is well settled that when a pleading is assailed by objection to evidence on the trial a much greater latitude of construction is indulged, in order to sustain it, than where the objection is taken directly by demurrer. *Hagenah v. Geffert*, 73 Wis. 636; *Born v. Rosenow*, 84 Wis. 620.

Again, the defendant objects that to make the contract claimed by the plaintiff is beyond the power conferred by law upon the county board of supervisors. It is, no doubt, the duty of the county board to procure and furnish all needful medical aid and attendance to persons confined in its jail and to such poor persons as are a county charge. It may be more convenient and cheaper to engage one physician by the year than to employ one or several by the visit and without previous engagement. Whether the employment shall be by the year or by the visit is in the discretion of the county board. It is not a question of power, but of detail merely.

Rider vs. Ashland County.

Another objection is that the evidence failed to show that the plaintiff had received a diploma from an incorporated medical school or was a member of some medical society in this state. The plaintiff's testimony was by deposition. He was not present at the trial. In his deposition he testified that he was a practicing physician and a graduate of an incorporated school of medicine,— the Albany Medical College,— but was not a member of any medical society in this state. It is objected that this evidence does not show that the plaintiff was a qualified physician, within the meaning of the statute above cited. The statute was enacted, no doubt, to prevent ignorant and untrained men from imposing on the ignorant in the community, in the practice of medicine. For that purpose it was intended to provide that only men who had been educated and trained in medicine should collect pay for medical services. The most convenient — perhaps the most natural — way of expressing the qualification was as in the words of the statute,— that he should have received a diploma. The diploma is a certificate evidencing the fact of graduation. The object to be secured by the statute was, not so much that the physician should have the diploma, as it was that he should have the learning and training of such a school. The statute was enacted to furnish a remedy for an evil which was supposed to exist. The people were imposed upon by the ignorance and quackery of medical pretenders. The statute is to be fairly construed to advance the remedy intended. But it would be a very narrow construction which should hold that one who had acquired the learning and received the training of such a school — was in fact a graduate of such a school — comes under the ban of this statute, if, by reason of some accident or oversight, his diploma has not been physically received by him. Where the intention is clear, too minute a stress should not be laid on the strict and precise signification of words. *Qui hæret in litera hæret in cortice.*

Besides, the fact that a man is a graduate from a school carries with it a presumption that he has received a diploma. By the fact of graduation he becomes entitled to a diploma. It is fairly to be inferred from the plaintiff's testimony that he had received a diploma. The technical point of its physical importance seems not to have been broached until the time of the trial, when the plaintiff was absent and the evidence could not be supplied. The omission to state that he had received a diploma was, no doubt, an oversight, and raises no presumption that he had received none upon his graduation.

*By the Court.*— The judgment of the circuit court is affirmed