MORRIS, RESPONDENT, *v.* McLAUGHLIN ET AL.,

APPELLANTS.

(No. 1,282.)

(Submitted March 4, 1901.   Decided March 11, 1901.)

*Appeal—Jurisdiction—Dismissal—Sale of Personal Property*
*—Change of Possession—Sufficiency—Instructions.*

1.   Under Code of Civil Procedure, Sec. 1723, Subd. 2, which provides that an
appeal may be taken to the Supreme Court within 90 days after the entry
of a judgment of a district court on appeal from an inferior court, an ap-
peal from a judgment of a district court rendered on an appeal from a
justice's court, if not taken within 90 days after its entry, will be dis-
missed for want of jurisdiction.
2.   In an action, where the question of fact to which instructions complained
of were applicable was whether or not a sale of personal property was ac-
companied by immediate delivery and followed by an actual and continued
change of possession of the chattels, instructions reviewed, and *held,* that
in view of the charge, taken as a whole, the instructions complained of
were not erroneous.

*Appeal from District Court, Missoula County; Frank H.*
*Woody, Judge.*

ACTION by B. Morris against H. W. McLaughlin, as sheriff
of Missoula county, and another.   From a judgment for plain-
tiff on appeal from a justice, and an order denying a new trial,
defendants appeal. Affirmed.

*Mr. Jos. M. Dixon,* for Appellants.

In the light of all the decisions of the courts in construing
the law embraced within the provisions of Section 4491, the
instructions complained of were erroneous and certainly highly
prejudicial to the interests of the defendants and appellants
herein.   (*Merrill* v. *Hurlburt,* 63 Cal. page 494; *Bunting* v.
*Saltz,* 84 Cal. 168; *Grum* v. *Barney,* 55 Cal. 254; *Woods* v.
*Bugbey,* 29 Cal. 466.)

*Mr. E. E. Hershey,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

This action was commenced in the court of a justice of the peace. An appeal from the judgment of that court was taken to the district court of the county where the trial resulted in a judgment for the plaintiff, entry whereof was made on the 21st day of October, 1897. From an order denying a new trial the defendants have appealed. They have also, in form, perfected an appeal from the judgment.

1.   Subdivision 2 of Section 1723 of the Code of Civil Procedure provides that within 90 days after its entry an appeal may be taken to the supreme court from a judgment rendered in a district court on appeal from an inferior court. The appeal from the judgment was taken on May 6, 1898; and not within 90 days after its entry on October 21, 1897. The appeal, being from the judgment of a district court rendered on appeal from a justice's court, not having been taken within 90 days after its entry, is dismissed for want of jurisdiction.

2.   It is not contended that the evidence was insufficient to justify the verdict, nor that there was a failure of proof. The only errors complained of on the appeal from the order refusing a new trial are that instructions numbered 5 and 6 should not have been given. Counsel assert that these instructions were not applicable to the evidence, and do not state the law. With respect to the pertinency of the instructions it must suffice to say that they did not go beyond the evidence adduced. If therefore the court in its charge correctly declared the law the order denying a new trial was not erroneous.

The plaintiff brought this action to recover the possession of certain personal property, and the defendants justify under writs of attachment and execution issued at the instance of one of the defendants in an action brought against the vendor of the plaintiff, pleading that the chattels seized and sold under the writs were the property of the vendor and not of the plaintiff. The question of fact to which the instructions complained of were applicable was whether or not the sale made to the

plaintiff was accompanied by immediate delivery and followed by an actual and continued change of possession of the chattels. Under the evidence the jury might have found either for the plaintiff or the defendants upon this issue,—in other words, the inferences deducible from the evidence were sufficient to have justified a finding or verdict that the sale was or was not accompanied by immediate delivery and followed by an actual and continued change of possession of the things transferred.

The jury were in effect charged, that in order for them to return a verdict for the plaintiff they must find from the preponderance of the evidence that at the time the property was taken from him it was in his possession, and that there had been an immediate delivery thereof to him at the time he claims to have purchased it from his vendor; and that such immediate delivery had been followed by actual change of possession of the property and that the change of possession had been continuous up to the time of the alleged taking by the defendants; "that in order to constitute a sale of personal property good as against creditors of the vendor, there must be an immediate delivery, followed by an actual and continued change of possession. Each of these three things,—immediate delivery, followed up by an actual change, and continuous change, of possession, are essential, and if there has been a failure of either of these three conditions, then such sale is conclusively presumed to be fraudulent and void as against creditors. And in this case, although you may find from the evidence that there was an immediate delivery of the hay, and that the money was actually paid therefor, still, if such delivery was not followed up by an actual and continuous change of possession, the law conclusively presumes the sale a fraudulent one as against the creditors of the vendor, and you should find for the defendants. * * * Section 4491 of the Civil Code of Montana provides that every transfer of personal property, if made by a person having at the time possession or control of the property, and not accompanied by an immediate delivery and followed by an actual and continued change of possession of the thing trans-

ferred is conclusively presumed to be fraudulent, and therefore void against those who are his creditors while he remains in possession. And if in this case you find from the evidence that the defendant Adam Reinhard was a creditor of H. R. Morris, the vendor, at the time of the sale of the hay from H. R. Morris to B. Morris, the plaintiff in this case, and such sale was not accompanied by an immediate delivery and followed by an actual and continued change of possession, that such sale is conclusively presumed to be fraudulent, and therefore void, and you should find for the defendants;" that if the jury believed that certain recited acts of the plaintiff were such as to give notice to third persons of his claim, and if they further believed from the evidence that the plaintiff immediately after the sale was in the absolute and exclusive control and possession of the chattels and that his vendor had ceased to have any possession or control of the hay, then, in order to show his ownership and possession as against the creditors of his vendor, the plaintiff would not be required to remove the chattels from the place where they were when the sale was made; that all the statute requires is that an immediate delivery must be made, the vendee must take actual possession, the possession must be open and unequivocal, carrying with it the usual marks and indications of ownership by the vendee; the possession must be continuous, not taken to be surrendered back again, not formal, but substantial; but it need not necessarily continue indefinitely when it is *bona fide* and openly taken and is kept for such a length of time as to give general advertisement of the status of the property and claim of it by the vendee; that a transfer of personal property which is not accompanied by an immediate delivery and followed by an actual and continued change of possession is fraudulent and void as against the claim of any creditor who is such creditor during any of the time the person making the transfer remains in possession, and such creditor may cause the property to be seized in the same manner as he might have done had there been no attempted transfer by the debtor; that the consideration paid by the purchaser,

or the good faith of the transaction, cannot be inquired into for the purpose of evading the force and effect of the law declaring such transfer fraudulent and void; that the rule of law is that the purchaser of goods or property must, for the protection of the public, take such possession as is usual and reasonable in view of all the circumstances of the purchase and character of the property purchased, and if he neglects this duty, then, as between himself and the creditors of the vendor, he must bear the loss resulting from his own neglect; that although the jury may believe from the evidence that the sale of the hay by the vendor to the plaintiff was actually made in good faith, and that the plaintiff actually paid the money therefor, still, notwithstanding these facts, if the sale of the hay was not followed by an immediate delivery and a visible, actual and continuous change of possession so as to give notice to the world that there had been a transfer of the property from the vendor to the plaintiff, then the law conclusively presumes such sale to have been fraudulent as against the creditors of the vendor. Instruction No. 5 recites the provisions of Section of 4491 of the Civil Code, and continues: "This section lays down no new rule as to what shall constitute a delivery; any delivery that is sufficient to pass the title as between the parties is still sufficient, the statute only adding that it shall be 'immediate;' the word 'actual' is designed to exclude the idea of a mere formal change of possession; and the word 'continued,' to exclude the idea of a mere temporary change." Instruction No. 6 is as follows: "In the determination of the question as to the kind of possession necessary to be given in order to make a sale of personal property valid as against creditors, regard must be had, not only to the character of the property, but also to the nature of the transaction, the position of the parties, and the intended use of the property. The law only requires that which could naturally be done in an honest and business-like transaction where there was no thought of fraud or concealment."

In view of the charge taken as a whole we perceive in in-

structions numbered 5 and 6 no error affecting the defendants. The last clause of the sixth instruction must be read and interpreted in connection with the rest of the charge, and when so considered it has evident reference to the acts constituting an actual and continued change of possession which could naturally be performed—that is, which in the nature of things it would be possible to perform to the end that such possession be taken and continued—in an honest and business-like transaction where there was no intent to commit a fraud or conceal the fact that a transfer had been made. The idea conveyed is that if the delivery be immediate and the subsequent possession actual and continued, the statute is complied with, although acts were omitted which, if done, would have further evidenced the sort of possession prescribed by the statute. The jury were not told that anything less than such delivery and possession would satisfy the statute, nor do we think the jury were misled or confused to the prejudice of the defendants by the language of either instruction, whatever might have been the effect had it been detached from and considered independently of the remainder of the charge. The rule declared by the sixth instruction was approved in *Cady* v. *Zimmerman,* 20 Montana 225 (50 Pac. 553).

The order refusing a new trial is affirmed. Let *remittitur* issue forthwith.

*Affirmed.*