## IN RE REILLY'S ESTATE.

### MADIGAN, APPELLANT, v. HARRINGTON ET AL., RESPONDENTS.

(No. 1,521.)

### ON MOTION TO DISMISS APPEALS.

(Submitted March 5, 1902.   Decided March 10, 1902.)

*Appeal—Time—New Trial—Notice of Intention—Affirmance or Dismissal—Procedure.*

1.  Under Code of Civil Procedure, Secs. 1722, 1723, as amended by Laws 1899, p. 146, providing that an appeal may be taken from a judgment or order concerning the validity of a will within 60 days after it is made or entered or filed with the clerk, an appeal taken January 5th, 1900, from a judgment refusing revocation of the probate of a will entered on April 8th, 1899, will be dismissed.

2.  Since the notice of intention to move for a new trial is not one of the papers required to be sent up by copy by Code of Civil Procedure, Secs. 1176, 1738, but should be embraced in the statement or bill of exceptions, which are of the required papers, where it is not so embraced, though all the papers required by statute are before the court, the dismissal of the appeal is not the proper remedy, but the order denying the motion for a new trial will be affirmed.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

PROCEEDINGS by Mary Madigan against P. S. Harrington, executor of James M. Reilly, deceased, and others, to revoke the probate of a will.   From a judgment for defendants, and from an order refusing a new trial, plaintiff appeals.   Appeal from the judgment dismissed, and the order denying the motion for new trial affirmed.

*Mr. D. H. Kehoe*, for Appellant.

*Messrs. McHatton & Cotter*, for Respondents.

MR. JUSTICE PIGOTT delivered the opinion of the court.

On the 8th day of April, 1899, there was entered in the dis-

trict court of Silver Bow county a judgment declaring that a paper purporting to be the last will and testament of James M. Reilly, deceased, was his last will and testament, and that the will was duly executed, published and witnessed as required by law, and denying the petition of Mary Madigan to revoke the probate thereof. A motion for a new trial was denied. On the 5th day of January, 1900, Madigan filed and served her notice of appeal to the supreme court from the judgment and the order refusing a new trial.

1.  The respondents move that the attempted appeal from the judgment be dismissed, for the reason that it was not taken within sixty days after the entry of the judgment. Sections 1722 and 1723 of the Code of Civil Procedure, as amended by House Bill No. 124 (Laws of 1899, page 146), provide that an appeal may be taken from a judgment or order against or in favor of the validity of a will, within sixty days after it is made or entered, or filed with the clerk. The judgment in this case was in favor of the validity of a will, and was entered on April 8, 1899. The supposed appeal was taken on January 5, 1900, more than sixty days therafter; hence the appeal from the judgment must be dismissed.

2.  The respondents move to affirm the order refusing a new trial, or (in the alternative) to dismiss the appeal therefrom, upon the ground that the notice of intention to move for a new trial is not contained in any statement on motion for a new trial or bill of exceptions. We are of the opinion that the motion to affirm should be granted. As we have repeatedly declared, such notice is not part of the judgment roll, nor one of the papers required by Sections 1176 and 1738 of the Code of Civil Procedure to be sent up by copy. The statement or bill of exceptions on motion for new trial should embrace the notice of intention to move for a new trial, which is the initial step towards securing a re-examination of an issue of fact. The giving of such notice may, of course, be waived, and the omission from the bill of exceptions or statement on motion for a new trial of such a notice, when one has been given, may also

be waived. (*Harrigan* v. *Lynch,* 21 Mont. 36, 52 Pac. 642.) But there is nothing in this case to show a waiver. The very question here raised was decided in *Grinnell* v. *Davis,* 20 Montana Reports, 222, 50 Pacific Reporter, 556. We are aware of the contrary rule which prevails in California, and which is announced in *Pico* v. *Cohn,* 78 California Reports, 384, 20 Pacific Reporter, 706, and in *Kahn* v. *Wilson,* 120 California Reports, 643, 53 Pacific Reporter, 24. We prefer to follow *Grinnell* v. *Davis,* for the reason that the practice should be settled, and for the further reason that we are inclined to believe the *Grinnell Case* is correct on principle.

Counsel for the appellant does not make any pertinent objection to, or argument, or suggestion against the granting of, the motion. Indeed, he frankly admits that unless the notice of intention is properly before us, the cause cannot be heard or determined on its merits. Under these circumstances it should seem manifest that the order appealed from ought to be affirmed. Dismissal of the appeal is not the technically accurate remedy, for the transcript contains the copies of the papers required by Sections 1176 and 1738 of the Code of Civil Procedure to be furnished on appeal. The requisite papers have been furnished by copy; the defect or omission is in an original paper, namely, the statement on motion for a new trial.

The appeal from the judgment is dismissed, and the order denying the motion for a new trial is affirmed.

*Affirmed.*