CHARLES SCHATZLEIN PAINT COMPANY, RESPONDENT, *v.* PASSMORE, APPELLANT.

(No. 1,404.)

(Submitted March 4, 1902.   Decided May 12, 1902.)

*Appeal—Time — Jurisdiction—Order Denying New Trial— Question Considered — Error Without Prejudice — Jury— Weight of Evidence.*

1.  Under Code of Civil Procedure, Sec. 1723, Subd 2, as amended by Laws of 1899, p. 147, providing that an appeal may be taken within ninety days from a judgment of the district court rendered on an appeal from an inferior court, an appeal taken more than ninety days after the entry of such judgment will be dismissed for want of jurisdiction.
2.  Under Code of Civil Procedure, Sec. 1170, declaring a new trial to be a re-examination of an issue of fact in the same court after a trial and decision, and Section 1171, Subd. 7, authorizing a new trial for an error of law occurring at the trial, duly excepted to and materially affecting the substantial rights of the moving party, the point that the complaint fails to state facts sufficient to constitute a cause of action, made by demurrer, which was overruled before the trial, and not renewed or otherwise presented at the trial, cannot be considered on an appeal from an order denying a new trial.
3.  An order denying a new trial should not be reversed because of inaccuracy in the instructions which clearly did not result in prejudice to the complaining party.
4.  The supreme court will not reverse an order of the district court denying a new trial, though the evidence, as it appears in type, seems to preponderate against the verdict, since the weight of the evidence was for the jury.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

Action by the Charles Schatzlein Paint Company against C. S. Passmore, doing business as Passmore & Co. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Appeal from judgment dismissed, and order denying new trial affirmed.

*Mr. Robert McBride,* for Appellant.

The complaint does not state facts sufficient to constitute a cause of action. It is a settled rule of pleading that performance by plaintiff of conditions precedent must be alleged. (4 Enc. Pl. & Prac. 628, and cases cited; *Loup* v. *Cal. S. Ry. Co.,* 63 Cal. 97; *Holmes* v. *Richet,* 56 Cal. 307; *Cox* v. *McLaughlin,* 63 Cal. 196; 4 Enc. Pl. & Prac. Sec. "c," page 643; 29 Enc. Law, page 926.)

It is true that upon defendant's demurrer being overruled, an answer was filed; but we do not understand that by so doing defendant waives his objection that the complaint does not state a cause of action and will not support a judgment. The objection that the complaint does not state facts sufficient to constitute a cause of action may be raised for the first time on appeal. (No. 685, Code of Civil Procedure; *Bohn* v. *Dunphy,* 1 Mont. 340; *Territory* v. *Virginia Road Co.,* 2 Mont. 96; *Gillette* v. *Hibbard,* 3 Mont. 413; *Parker* v. *Bond,* 5 Mont. 1; *Foster* v. *Wilson,* 5 Mont. 53; *Quirk* v. *Clark,* 7 Mont. 108; *Whiteside* v. *Lebcher,* 7 Mont. 473-477; *Raymond* v. *Wincette,* 12 Mont. 551.)

A general demurrer is not waived by consenting that it may be overruled. (*Evans* v. *Gerken,* 38 Pac. (Cal.) 725.) There being an entire absence of a material allegation, the defect is not cured by a verdict in plaintiff's favor. (*Richards* v. *Insurance Co.,* 22 Pac. (Cal.) 939; see, also, 4 Ency. Pl. & Prac. page 667, and cases cited; *Id.,* page 629; *Daley* v. *Russ,* 86 Cal. 114, 24 Pac. 868; *Jerome* v. *Stebbins,* 14 Cal. 457.)

*Mr. Wm. E. Carroll,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the court.

These are appeals by the defendant from the final judgment entered against him and an order denying his motion for a new trial.

1. The action was commenced in the court of a justice of the peace, where a judgment was rendered. From that judgment an appeal was taken to the district court, where, upon a trial *de novo,* the present judgment was given and entered on October 28, 1898. Notice of appeal therefrom to this court was served on April 20, 1899, and filed on April 22, 1899. Subdivision 2 of Section 1723 of the Code of Civil Procedure, as amended in 1899 by House Bill No. 124 (Laws of 1899, page 146), provides that an appeal may be taken to the supreme court from a final judgment of a district court rendered on an appeal from an inferior court within ninety days after the entry of such judgment. The appeal from the judgment, not having been taken within ninety days after its entry in the district court, must, upon our own motion, be dismissed for want of jurisdiction to entertain it. (*Morris* v. *McLaughlin,* 25 Mont. 151, 64 Pac. 219; *Warren* v. *Humble,* 26 Mont. 495, 68 Pac. 851; *Madigan* v. *Harrington,* 26 Mont. 358, 67 Pac. 1121; *Gallagher* v. *Cornelius,* 23 Mont. 27, 57 Pac. 447.) Whether Section 1724 of the Code of Civil Procedure requires the notice of appeal to be filed and served on the same day is a question reserved.

2. There remains for consideration the appeal from the order refusing a new trial. It is contended that the complaint fails to state facts sufficient to constitute a cause of action. This point was made by demurrer, which was overruled before the trial of the issues of fact, and the objection raising this point was not renewed or otherwise presented during the trial. A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury or court, or by referees. (Section 1170, Code of Civil Procedure.) One of the causes for which, on application of the party aggrieved, the

verdict or other decision may be vacated and a new trial granted, is an error in law occurring at the trial, duly excepted to by him and materially affecting his substantial rights. (Subdivision 7, Sec. 1171, Code of Civil Procedure.) If the court was wrong in overruling the demurrer, the error did not occur at the trial, and cannot be reached by the motion for a new trial. It could properly be presented on appeal from the judgment, but, as that attempted appeal must be dismissed, we are precluded from inquiring into the sufficiency of the complaint.

3. The other specifications of error we have examined. After a careful consideration of the entire record, we are of the opinion that no one of them is meritorious. The instructions of which complaint is made are doubtless open to objection on the score of inaccuracy, but it is clear that error prejudicial to the defendant did not result therefrom. With respect to the verdict, we observe that while the evidence, as it appears in type, seems to preponderate in favor of the defendant, it was nevertheless sufficient to justify the verdict against him. The weight of the evidence was for the jury.

The attempted appeal from the judgment is dismissed, and the order denying a new trial is affirmed. Let remittitur issue forthwith.