CAMPBELL, RESPONDENT, *v.* CITY OF GREAT FALLS, APPELLANT.

(No. 1,426.)

(Submitted March 7, 1902.  Decided June 13, 1902.)

*Appeal from Order Denying a New Trial—Review—Sufficiency of Pleading to Support Judgment—Discretion.*

1.  The review on appeal from an order denying a new trial, being limited to the consideration of such matters as may be presented to the trial court as grounds for a new trial under the provisions of Section 1171 of the Code of Civil Procedure, among which are "errors of law occurring at the

trial and excepted to by the party making the application," the question whether the complaint states a cause of action cannot be considered on such an appeal where from the record it does not appear that its sufficiency was questioned during the trial.

2.    Refusal to grant a new trial cannot be held on appeal to be an abuse of discretion, where there is a substantial conflict in the evidence.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

. ACTION by John T. Campbell against the city of Great Falls. There was a judgment for plaintiff, and from an order denying a new trial defendant appeals. Affirmed.

*Mr. H. H. Ewing,* and *Mr. James W. Freeman,* for Appellant.

*Mr. John A. Largent,* and *Mr. J. A. McDonough,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The purpose of this action is the recovery of damages suffered by plaintiff from a flow of water upon his premises caused by the negligent construction by the defendant city of certain drains and ditches to draw off surface water collected upon the streets and alleys of the defendant and private property abutting thereon. The premises of plaintiff consist of his dwelling and outhouses in the city, and it is alleged in the complaint that but for the negligence of the defendant in the construction of the said drains and ditches, the injury would not have been suffered. The answer puts in issue the material averments of the complaint, and alleges affirmative defenses. The verdict and judgment were for plaintiff. Defendant has appealed from an order denying it a new trial.

The principal contention made in this court is that the complaint does not state a cause of action. This question cannot be agitated upon this appeal. The appeal being from the order only, our review is limited to the consideration of such matters

as may be presented to the trial court as grounds for a new trial under the provisions of Section 1171 of the Code of Civil Procedure. Among these are "errors in law occurring at the trial and excepted to by the party making the application." (*Charles Schatzlein Paint Co.* v. *Passmore,* 26 Mont. 500, 68 Pac. 1113.) The record does not disclose to us that the sufficiency of the pleading was questioned during the trial by objection to the introduction of evidence on the ground of a lack of material allegations therein, or otherwise. It is only when the sufficiency of a pleading has in some appropriate way been questioned during the trial, and a ruling obtained thereon, with exceptions reserved, that the question raised upon it may be examined on a motion for a new trial, or upon appeal from an order denying it. Otherwise (except, of course, upon appeals from interlocutory orders granting or refusing injunctions and the like) the question of its sufficiency may be examined only on appeal from the judgment.

It is argued that the court misdirected the jury to the prejudice of defendant, and that the evidence is insufficient to sustain the verdict. We have given the record a careful examination. Our conclusion is that the instructions, taken together, fully and fairly state the law applicable to the case. The evidence shows a substantial conflict. We are therefore not authorized to say that the court abused its discretion in refusing to grant a new trial.

Let the order be affirmed.

*Affirmed.*