LEGGAT, Respondent, *v.* GERRICK, Appellant.

(No. 2,359.)

(Submitted January 17, 1907.  Decided February 5, 1907.)

(88 Pac. 788.)

*Physicians and Surgeons—Action for Services—Statutory Regulations—Compliance—Burden of Proof—Interest—Complaint—Sufficiency—Appeal.*

Complaint—Sufficiency—Appeal—Review.
  1.   The question of the insufficiency of the complaint to state a cause of action cannot be raised for the first time on appeal from an order denying a new trial.

Physicians and Surgeons—Action for Services—License to Practice—Burden of Proof.
  2.   Where a witness for plaintiff, in an action to recover for medical services, had testified that he knew plaintiff at the time of the rendition of the services as a physician, and that he was then the city physician, it will be presumed that plaintiff had secured a license to practice as required by the statute, and the burden of proving the contrary was upon defendant.

Same—Action for Services—Interest on Balance Due.
  3.   Interest on a balance due a physician for medical services seems to be properly allowable, under Civil Code, section 4280, in an action to recover such balance. (*Hefferlin* v. *Karlman,* 29 Mont. 139, 74 Pac. 201.)

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

Action by Dr. A. C. Leggat against John Gerrick.   From an order denying a motion for a new trial, defendant appeals.   Affirmed.

*Mr. John A. Shelton,* for Appellant.

A physician who has not procured a certificate entitling him to practice medicine cannot recover compensation for services rendered as such.   (*Roberts* v. *Levy* (Cal.), 31 Pac. 570; *Bohn* v. *Lowery,* 77 Miss. 424, 27 South. 604.)   The burden is on the

physician suing to recover compensation to allege and prove a compliance with the statute. (*Adams* v. *Stewart*, 5 Harr. (Del.) 144; *Cooper* v. *Griffin*, 13 Ind. App. 212, 40 N. E. 710; *Dow* v. *Haley*, 30 N. J. L. 354; *Wilson* v. *Vick* (Tex. Civ. App.), 51 S. W. 45; *Conkey* v. *Carpenter*, 106 Mich. 1, 63 N. W. 990; *Wooley* v. *Bell*, 33 Tex. Civ. App. 399, 76 S. W. 797; *Bower* v. *Smith*, 8 Ga. 74.)

*Messrs. Kremer & Kremer*, for Respondent.

In almost all of the states where the burden of proof is upon the plaintiff, as in Alabama, Indiana and Georgia, statutes are found which require such proof of the right to practice to be made by the plaintiff before recovery. The states of Illinois, Iowa, Louisiana, Minnesota, Nebraska, South Carolina, New York and others hold that the burden is not upon the plaintiff, and that a license to practice will be presumed until the contrary is shown. (*McPherson* v. *Cheadell*, 24 Wend. (N. Y.) 15; *Jo Daviess Co.* v. *Staples*, 108 Ill. App. 539; *Lacy* v. *Kossuth Co.*, 106 Iowa, 16, 75 N. W. 689; *Dickerson* v. *Gordy*, 5 Rob. (La.) 489; *Lyford* v. *Martin*, 79 Minn. 243, 82 N. W. 479; *Cather* v. *Damerell* (Neb.), 99 N. W. 35; *Crane* v. *McLaw*, 12 Rich. (S. C.) 129.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought by Dr. A. C. Leggat to recover a balance of $100 for professional services rendered for the defendant. The action appears to have originated in the justice of the peace court. In the district court it was tried to the court sitting without a jury, a jury having been expressly waived. The court made findings of fact and conclusions of law in the plaintiff's favor, and rendered judgment that he recover from the defendant the sum of $100, with interest thereon from May 26, 1902. From an order denying defendant a new trial, this appeal is prosecuted.

The questions argued in this court are: 1. Does the complaint state facts sufficient to constitute a cause of action? 2. Is the evidence sufficient to support the decision of the court? and 3. Did the court err in allowing interest on the amount recovered?

1. There does not appear to have been any objection that the complaint does not state facts sufficient to constitute a cause of action, urged in the trial court. There is not any appeal from the judgment. The appeal is from the order denying the defendant a new trial, and on such appeal the question of the insufficiency of the complaint to state a cause of action cannot be raised unless it was properly raised in the district court. (*Schatzlein Paint Co.* v. *Passmore,* 26 Mont. 500, 68 Pac. 1113; *Campbell* v. *Great Falls,* 27 Mont. 37, 69 Pac. 114.)

2. It is urged that the evidence is insufficient to sustain the decision of the court, in that there was not any evidence offered on behalf of the plaintiff to show "that the plaintiff holds a certificate granted by the state medical board of the state of Montana, entitling him to practice medicine." If the fact affirmatively appeared that, at the time the services were rendered, the plaintiff did not have a certificate, then the question of his right to recover would be raised directly. But, as that fact does not appear, the only question presented here is: Upon whom rests the burden of proof? Was the burden upon the plaintiff in the first instance to show that he had such certificate? Or was it upon the defendant to show that he did not have it? The testimony given at the trial on behalf of the plaintiff by the witness Kremer is as follows: "I knew Dr. Leggat at that time, and I can state that I knew him to be a physician and surgeon in the city of Butte, and at that time was the city physician."

After a careful review of the authorities the court of appeals of Illinois, in *Williams* v. *People,* 20 Ill. App. 92, said: "Where the question of license or qualification of a physician arises collaterally in a civil action between party and party, or between the doctor and the one who employed him, then the license or due qualification under the statute to practice will be presumed. (*McPherson* v. *Cheadell,* 24 Wend. 15; *Thompson* v. *Sayre,* 1

Denio, 175; *Pearce* v. *Whale*, 5 Barn. & C. 38, 758.)'' The reason for the rule is stated by the same court in *City of Chicago* v. *Wood*, 24 Ill. App. 40, as follows: "The reason why the license will be presumed, where there is no evidence to the contrary, rests upon the principle that, when an act is required, by positive law, to be done, the omission of which would be a misdemeanor, the law presumes that it has been done, and therefore the party relying on the omission must make some proof of it, though it be a negative."

While there is some conflict in the decisions, the decided weight of authority seems to be in favor of the rule stated above in *Williams* v. *People*. (*McPherson* v. *Cheadell*, 24 Wend. 15; *Jo Daviess County* v. *Staples*, 108 Ill. App. 539; *Lacy* v. *Kossuth County*, 106 Iowa, 16, 75 N. W. 689; *Dickerson* v. *Gordy*, 5 Rob. (La.) 489; *Lyford* v. *Martin*, 79 Minn. 243, 82 N. W. 479; *Cather* v. *Damerell* (Neb.), 99 N. W. 35; *Rider* v. *Ashland County*, 87 Wis. 160, 58 N. W. 236; *Good* v. *Lasher*, 99 Ill. App. 653.) The same general rule is recognized by the court of appeals of Indiana in *Cooper* v. *Griffin*, 13 Ind. App. 212, 40 N. E. 710, but, by reason of a special statute in that state, the contrary rule is upheld.

A somewhat analogous question is presented in an action brought in a court of this state by a foreign corporation. It has been held that it is not necessary for the foreign corporation to prove, in the first instance, that it has complied with the laws of this state entitling it to do business here. (*Zion Co-op. Merc. Assn.* v. *Mayo*, 22 Mont. 100, 55 Pac. 915; Thompson on Corporations, sec. 7965; *Langworthy* v. *Garding*, 74 Minn. 325, 77 N. W. 207.)

In view of the testimony given by the witness Kremer as set forth above, we think the presumption follows that Dr. Leggat had complied with the law, and that the burden of proof was upon the defendant to show that he had not done so. In the absence of any attempt on the part of the defendant to make this proof, we think the evidence is sufficient to sustain the decision of the court.

3. We do not think that the trial court erred in allowing interest on the amount recovered. Its action appears to be warranted by section 4280 of the Civil Code, which provides: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt"—and by the construction given to that section by this court in *Hefferlin* v. *Karlman,* 29 Mont. 139, 74 Pac. 201.

Not finding any error in the record, the order denying defendant's motion for a new trial is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

