'ALBERTINI, Respondent, v. LINDEN, Appellant.

(No. 2,971.)

(Submitted March 14, 1911. Decided March 27, 1911.)

[115 Pac. 31.]

*Master and Servant—Action for Wages Due—Amount of Com-
pensation—Evidence—Admissibility—Offer of Proof.*

Master and Servant—Action for Wages Due—Evidence—Admissibility.
1. In an action to recover for services rendered under an oral
agreement, the terms of compensation as fixed in which were con-
troverted, evidence showing the income derived from defendant's
business was improperly excluded. It was admissible as bearing
upon the question of the probability or improbability of the agree-
ment having been made as claimed by plaintiff.

Offer of Proof—Purpose of—When Unnecessary to State.
2. Where competent evidence, offered but rejected, could have but
one purpose, the fact that such purpose was not disclosed when the
offer was made did not render the court's action justifiable.

*Appeal from District Court, Silver Bow County; Jeremiah
J. Lynch, Judge.*

ACTION by Celeste Albertini against Peter Linden, doing busi-
ness as the Oro Fino Ice Company. From a judgment for plain-
tiff, defendant appeals. Reversed and remanded for a new trial.

*Messrs. Maury & Templeman,* and *Mr. J. O. Davies,* submitted
a brief. *Mr. H. L. Maury* argued the cause orally.

*Messrs. Kremer, Sanders & Kremer* submitted a brief in be-
half of respondent. *Mr. Alf. Kremer* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

This action was brought to recover a balance alleged to be due
the plaintiff for services rendered to defendant from September
22, 1908, to December 6, 1909, in driving defendant's ice wagon
and delivering ice to his customers. There was no controversy
as to the rendition or the duration of the services. The dispute
was as to the terms of the contract. The evidence was confined

to the testimony of the parties. The plaintiff testified that it was agreed that when he entered defendant's employment that he was to receive $2.50 per day and his board, except that during such time as it was necessary for the defendant to accompany him for the purpose of instructing him in the business he was to receive $2 per day only and his board. He testified that defendant accompanied him for the twelve days immediately following the date of his employment, and thereafter required him to go alone. The defendant testified that he hired the plaintiff at a fixed rate of $60 per month, besides his board, and accompanied him for the purpose of instructing him during the first eighteen days of his employment. It was agreed by both that during the months of June, July, and August, 1909, the defendant voluntarily increased the plaintiff's wages $10 per month for extra work. Assuming that the plaintiff's statement of the terms of the contract is true, the balance due him is $324. If defendant's statement be accepted as true, the balance due is $197.50. It is admitted that defendant tendered this latter amount as payment in full before the action was commenced, and deposited it with the clerk of the district court upon his appearance in the action. The jury found for the plaintiff for the full amount claimed by him. The defendant has appealed from the judgment.

On December 22, 1908, the defendant paid plaintiff $180, the full amount then due at the rate of $60 per month. During the following two months, he paid the plaintiff at the same rate. The payments were accepted without objection. The acceptance of these amounts and some other circumstances proven tended to corroborate the defendant's statement as to the terms of the contract. To corroborate him further, his counsel offered to show by plaintiff on cross-examination that the entire amount received for ice delivered by the wagon driven by plaintiff during the month following September 22, 1908, was only $114.90, and that it was known to both parties at the time the contract was made that the gross receipts during all the winter months would not exceed $120 per month. Upon objection, this offered

evidence was excluded, and this ruling is the ground of defendant's first assignment of error. The evidence was clearly [1] competent. The rule is generally recognized that where the plaintiff seeks to recover the price of property sold to the defendant, or the value of services rendered to him, upon a special agreement as to the price or value, and there is a controversy as to what the agreement was, it is proper for either party to prove the price of the article or the value of the services, as corroborative of his testimony, and to show the probability that the one or the other agreement was made. (*Barney* v. *Fuller*, 133 N. Y. 605, 30 N. E. 1007; *Saunders* v. *Gallagher*, 53 Minn. 422, 55 N. W. 600; *McGawley* v. *Gannon*, 11 Rob. (La.) 164; *Rauch* v. *Scholl*, 68 Pa. 234; *Buckingham* v. *Harris*, 10 Colo. 455, 15 Pac. 817; 1 Wigmore on Evidence, sec. 392.) Upon an analogous principle, there is no reason why evidence showing the condition of a business or the amount of the income derived from it would not have substantial bearing upon the question whether the owner of it had agreed to pay for services the price claimed by one employed by him in that business. If the rate of compensation alleged as stipulated for in the contract is large enough to absorb substantially the gross income derived from the business, it is surely competent to show this fact as bearing upon the truth of the statement of the parties as to what the agreed rate was, and as tending to show that the owner probably did not make the contract as alleged by the employee. If the condition of defendant's business during the winter months was such as he proposed to show, the contract rate as alleged by him would leave him a small, though substantial, margin for other expenses or for profit. If the price was fixed as alleged by plaintiff, this margin would be substantially all absorbed in payment of wages, leaving nothing to meet the other current expenses or to pay a profit. By the exclusion of this evidence, we are of opinion that the defendant was prejudiced.

It is true that upon defendant's theory of the contract the amount of gross income left would be small; yet this does not demonstrate that his version of it is unreasonable. It is not un-

reasonable to suppose that the rate of wages was fixed with reference to what the average income from the sales made by the plaintiff during the entire season would justify, and hence that defendant's statement was true.

It is argued by counsel for plaintiff that the purpose for which the testimony was offered was not made apparent by the [2] offer itself, and hence that the court did not commit error in its ruling. With this contention we do not agree. The evidence could have had no other purpose than that which we have stated, and that it was competent for that purpose is apparent.

We have examined the one other assignment made by counsel, and concluded that it does not merit special notice.

The judgment is reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.