HALEY, RESPONDENT, *v.* McDERMOTT, APPELLANT.

(No. 3,027.)

(Submitted November 22, 1911. Decided December 8, 1911.)

[121 Pac. 1060.]

*Appeal and Error—Burden of Showing Error—Presumptions—Evidence—Record.*

Appeal and Error—Presumptions—Burden of Showing Error.
  1. Appellant has the burden of showing reversible error, all presumptions being in favor of the judgment.
Same—Record—Evidence—Presumptions.
  2. Where the record shows that it does not contain all the evidence, the supreme court will presume that the evidence omitted sustains the judgment.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

ACTION by Michael J. Haley against William McDermott. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Cause submitted on brief of Appellant.

*Messrs. Clayberg & Horsky,* for Appellant.

No appearance for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover $1,420 and interest. Plaintiff prevailed in the lower court, and the defendant appealed.

The complaint alleges that during 1895 and 1896 the defendant was United States marshal for the district of Montana, and that plaintiff was his duly appointed deputy. It then alleges that at defendant's special instance and request plaintiff performed services of the agreed value of $1,420, no part of which has been paid. In their brief counsel for appellant say: "All the errors specified herein relate to the same point, and are of different classes only because of the manner in which they arose in the trial of the case. Our contention was that, plaintiff having alleged an express contract, a recovery could not be had upon any other theory." The transcript contains portions of the testimony given by certain witnesses, and then concludes: "Whereupon other witnesses were called and sworn and testified in behalf of plaintiff, and upon plaintiff's counsel announcing to the court that plaintiff rested, counsel for the defendant presented and made the following motion" for nonsuit.

We enter upon our consideration of this case with the presumption in favor of the correctness of the judgment, and [1] appellant has the burden of showing reversible error. (*Donovan-McCormick Co.* v. *Sparr*, 34 Mont. 237, 85 Pac. 1029; *Van Vranken* v. *Granite County*, 35 Mont. 427, 90 Pac. 164.)

Since the record shows that it does not contain all the evidence, [2] we will assume that the evidence omitted fully sustains the judgment.

If this be true, then the admission in evidence of facts and circumstances tending to show the value of the services rendered was not error. (*Albertini* v. *Linden*, 43 Mont. 126, 115 Pac. 31.) In any event, the record fails to show that any error was committed.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

Rehearing granted February 5, 1912.

OPINION ON REHEARING.

(Submitted March 13, 1912.  Decided March 14, 1912.)

*Judgment—Failure of Proof.*

1. A judgment in favor of plaintiff in an action to recover for services performed at defendant's special instance and request entirely unsupported by the evidence, will be reversed on appeal.

MR. JUSTICE SMITH delivered the opinion of the court.

This cause was decided upon the theory that, since the record shows it does not contain all of the evidence, this court will assume that the portions omitted would sustain the judgment.

On rehearing our attention has been called to the following recital in the bill of exceptions, *viz.:* "Whereupon various other witnesses were called and sworn on behalf of the respective parties, and the said action was tried and submitted to the jury entirely upon the implied contract for a balance claimed to be due by plaintiff for services performed and expenses incurred by him as a deputy United States marshal for the district of Montana during the years 1895 and 1896.  There was no evidence introduced on the trial of the action in behalf of the plaintiff or by the defendant showing, or tending to show, the existence of the contract between the parties to the suit, as alleged in the complaint."  Not any appearance was made in this court in behalf of the respondent, either upon the original hearing or upon rehearing.  No brief has been filed in his behalf.  At the original hearing the case of the appellant was submitted on the brief of his counsel, and the latter argued the cause orally on rehearing.  We undertake to say that a more unsatisfactory record was never filed in this court.

It is impossible to reconcile the foregoing recital, formally certified to by the district judge, with the following instructions given to the jury, to-wit:

"No. 4.  You are instructed that by the complaint of plaintiff in this case he has based his cause of action upon a contract for services as deputy United States marshal for the years

1895 and 1896. The burden of proving such contract rests on the plaintiff, and he must have introduced proof of this contract in order to entitle him to a recovery of anything against defendant. Therefore, unless you find that plaintiff has introduced such evidence, and from the preponderance of the evidence in this case you can determine that the contract alleged in plaintiff's complaint was entered into, your verdict must be for the defendant.

"No. 5. You are further instructed that it makes no difference whether plaintiff's cause of action is based upon a contract for services as deputy United States marshal for the years 1895 and 1896, at the agreed price of $1,420, or for money had and received by defendant for plaintiff's use in the amount of $1,420. In either case the burden is upon plaintiff to establish by the preponderance of the evidence such contract, and, unless you find from such preponderance of the evidence that such contract existed, your verdict must be for the defendant.

"No. 6. The jury is further instructed that, before you can render a verdict for plaintiff, you must find from a preponderance of the evidence that the defendant as marshal has received the sum of $1,420 from the government of the United States as and for fees as United States marshal, which was earned by the plaintiff as deputy during the years 1895 and 1896."

After giving these instructions, the court below proceeded to [1] inform this court that there was no evidence introduced at the trial tending to prove the contract set forth in the complaint. A careful inspection of the record satisfies us that the plaintiff did in fact abandon the attempt to prove that McDermott was indebted to him for services performed at his special instance and request of the "agreed value and price" of $1,420 or any other sum. What he did attempt to prove, as we understand it, was that McDermott, as marshal, had received certain moneys from the government of the United States which should have been paid over to him, Haley, for his services as deputy marshal. He failed entirely to prove that the defendant had received any such moneys.

The judgment is reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

