ALBERTINI, Respondent, v. LINDEN, Appellant.

(No. 3,114.)

(Submitted April 10, 1912. Decided April 15, 1912.)

[123 Pac. 400.]

*Appeal and Error — Conflicting Evidence— Conclusiveness of Verdict—Trial—Instructions—Interest.*

Appeal and Error—Conflicting Evidence—Conclusiveness of Verdict.
1. A verdict on conflicting evidence, approved by the trial court in refusing to grant a new trial, will not be interfered with on appeal.

Trial—Instructions—Singling Out Particular Parts of Testimony—Proper Refusal.
2. An offered instruction which singles out particular portions of the testimony submitted and attaches undue prominence to them, is properly refused.

Interest—When Proper.
3. Under section 6043, Revised Codes, authorizing the allowance of interest on damages which are certain, or which are capable of being made certain by calculation, interest was properly allowed on the amount awarded an employee, suing for services rendered under an oral agreement.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Celeste Albertini against Peter Linden, doing business as the Oro Fino Ice Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Cause submitted on briefs of counsel.

*J. E. Healy,* for Appellant.

*Messrs. Kremer, Sanders & Kremer,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

A complete statement of the facts of this case will be found in the opinion upon the former appeal. (*Albertini* v. *Linden,* 43 Mont. 126, 115 Pac. 31.) The second trial resulted in a verdict and judgment in favor of plaintiff for the full amount claimed, and defendant has appealed.

1. It is urged that the evidence is insufficient to sustain the verdict; but with this we do not agree. Plaintiff testified in his own behalf. He gave in detail the facts surrounding his employment and stated the terms of the contract without equivocation. The circumstances were all placed before the jury. There was but a single question to be determined, *viz.:* Was plaintiff to receive $2.50 per day and board, as he claimed, or $60 per month and board, as defendant contended? The solution [1] of this disputed question depended entirely upon the credibility of the witnesses; and the jurors, having heard the testimony and having had the advantage of seeing the witnesses on the stand and observing their demeanor, found for the plaintiff. The trial court, occupying a like position, refused a new trial. Under these circumstances, we cannot interfere, since there is substantial evidence to support the verdict.

2. Error is predicated upon the refusal of the trial court to give defendant's offered instructions 3a and 4a. The principle underlying these proposed instructions was stated in the opinion upon the former appeal by way of argument in favor of the admissibility of certain evidence. Upon the second trial, all of that character of evidence offered was admitted, and the jury had before it the facts and circumstances of the employment. The matters sought to be emphasized by these proposed instructions were properly subjects for argument to the jury. In instruction 2a, the court told the jury: "If you find from all the evidence and the circumstances that the amount of the wages which defendant agreed to pay to plaintiff, and the plaintiff agreed to accept for the services rendered to the defendant by the plaintiff, was in all the sum of $987.50, then you should find for the plaintiff in the sum of $197.50, and no more." No fault is found with this instruction; and, in our opinion, it was sufficient to enable the jury to reach a proper determination of the question at issue upon the evidence introduced. Moreover, the proposed instructions are open to the just criticism, which [2] might properly be urged against them, that they single

out particular portions of the testimony and apparently attach undue prominence to them.

3. Interest was properly allowed upon the amount of recovery. [3] (Rev. Codes, sec. 6043; *Leggat* v. *Gerrick,* 35 Mont. 91, 8 L. R. A., n. s., 1238, 88 Pac. 788; *Hefferlin* v. *Karlman,* 29 Mont. 139, 74 Pac. 201.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.