STATE ex rel. FOOT, Attorney General, Plaintiff, *v.*
FARMERS' & MECHANICS' STATE BANK OF
HELENA, Appellant; ABRAHAMSON (Intervener),
Respondent.

(No. 6,374.)

(Submitted May 20, 1929.  Decided June 17, 1929.)

[278 Pac. 520.]

266

Submitted on briefs of Counsel.

*Mr. Henry C. Smith,* for Appellant.

*Mr. C. A. Spaulding* and *Messrs. Gunn, Rasch, Hall & Gunn,* for Respondent.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff as attorney general to secure the appointment of a receiver of the defendant bank because of its insolvency. Thereafter H. E. Longmaid was duly appointed receiver and entered upon the discharge of his duties. Clara Abrahamson regularly presented her claim to the receiver as a general creditor for the sum of $1,500 and interest, which was disallowed, and thereupon, on February 1, 1927, she filed her complaint in intervention in this action, wherein she alleged, in substance, that on or about the fourteenth day of January, 1925, she paid to the Farmers' & Mechanics' State Bank the sum of $1,500, as the purchase price of a certain promissory note, or notes, of F. W. and Maude B. Drake for the principal sum of $1,500, bearing interest at eight per cent per annum, payable at the bank, with understanding and agreement that such note, or notes, would be indorsed and made payable to her and held by the bank for collection and credit to her account; that she has never received the note, or notes, nor any payment on account thereof, and she is now advised by the receiver that there is not in the bank, or in his possession as receiver, any note executed by the Drakes, or either of them, or by any one else, payable to her by indorsement or otherwise, or to which she is in any way entitled. The prayer of her complaint is that her claim be allowed by the court, and that she be adjudged to be entitled to participate with the other creditors in the distribution of the assets of the insolvent bank.

The receiver answered, denying on information and belief the allegations made by the intervener, in her complaint, and alleged affirmatively that W. S. Goodyer was at the time her

son-in-law, and a member of the board of directors and cashier of the insolvent bank; that Goodyer was guilty of the larceny of more than $93,000 of the funds of the bank; that, in order to cover up his defalcations and deceive the directors, depositors and the officers of the state banking department, he had changed and falsified the books and records of the bank, forged promissory notes and other evidences of indebtedness, alleged to be due the bank from divers and sundry persons and corporations, and deposited the same, together with the Drake note, with the other assets of the bank, so that they appeared to the directors and to the state banking department to be genuine valuable assets of the bank; that, even though the allegations made by the intervener are true, since she negligently permitted Goodyer to keep the Drake note, to treat the same as an asset of the bank, and to exhibit the same to the directors and officers of the state banking department, whereby they were led to believe, and did believe, that the note was the property of the bank, and relied on the knowledge so obtained in passing and appraising the assets of the bank, and so relying allowed the bank to remain open and continue to do business and accept deposits after the bank was in fact insolvent, when otherwise they would have closed the bank and saved the depositors and stockholders large sums of money, she should now be estopped from asserting claim as a general creditor of the bank. Issue was joined by reply made to the answer, and the case was regularly brought on for trial before the court without a jury, at the conclusion of which the court found in favor of the intervener. Judgment was entered accordingly, from which this appeal is prosecuted.

The only question presented for decision by the appellant's assignments of error is whether or not the court erred in entering judgment.

Upon the appellant rests the burden of showing reversible error committed by the trial court, all presumptions being indulged in by this court in favor of the judgment (*Haley* v. *McDermott*, 45 Mont. 217, 121 Pac. 1060; *State ex rel. Foot, Attorney General*, v. *Farmers' & Mechanics' State Bank, ante,*

p. 256, 278 Pac. 828), and, as in the case of *State ex rel. Foot, Attorney General,* v. *Farmers' & Mechanics' State Bank,* a companion action, supra, involving the claim made by the Helena Auto Finance Corporation, we enter upon a review and consideration of this case, indulging the presumption that the district court arrived at the correct conclusion and entered the proper judgment. (*Rumney Land & Cattle Co.* v. *Detroit & Montana Cattle Co.,* 19 Mont. 557, 49 Pac. 395.)

The evidence fully sustains the allegations of the intervener's complaint. It appears that in the month of January, 1925, she had on deposit with the bank in a savings account more than $2,000, and at the same time had a checking account in the bank. In order to secure a better rate of interest on her money in the savings account, she purchased from the bank, through the agency of W. S. Goodyer, its cashier, notes executed to the bank by F. W. Drake and M. B. Drake, to the extent of $1,500, interest bearing at eight per cent per annum, and a bond for $500. Her savings account shows that she withdrew $2,017.50 on January 13, 1925, and she explains that $17.50 of the amount so withdrawn was to cover interest accrued. The notes were not delivered to her, but were left with the bank for safekeeping. Thereafter she was paid interest semi-annually on the notes by Goodyer, who was her son-in-law, until the bank closed.

Some months after this transaction, written acknowledgment of the receipt of the Drake notes was given the intervener by the bank as follows:

Letter-head of the Farmers' & Mechanics' State Bank.

"Helena, Montana, December 14th, '25.

"Received of Mrs. Clara Abrahamson, notes for safe keeping of F. W. and Maude B. Drake in the sum of $1,500.00. These notes have been sold by the Farmers' & Mechanics' State Bank of Helena to Mrs. Abrahamson, and are left with this bank for collection and credit of her account.

"FARMERS' & MECHANICS' STATE BANK,

"By W. S. GOODYER, Cashier."

The bank was closed because of its insolvency about August 23, 1926, and on the twenty-sixth day of October, 1926, H. E. Longmaid was appointed its receiver, which position he has since held. Mr. R. L. Smith, a state bank examiner, testified that, when he closed the bank and took charge of it, August 23, 1926, there were several Drake notes in the bank, and, refreshing his memory from the report of his examination, he testified: "There was one for $1,100; one for $500; one for $1,900; another for $500; another for $1,500; five in all." All of these notes appear to have been made by Drake and his wife. The one executed for the sum of $1,500, dated June 18, 1926, appears to have been a renewal note dated April 18, 1925, and to have been paid December 31, 1926, after the closing of the bank. The receiver Longmaid testified that he believes that this note "was a renewal of the note that had previously been given to the bank." From this evidence, it is clear that the judgment is supported by substantial evidence. It is plain that intervener paid her money to the bank for investment in the Drake note; and that the bank held such property in trust for her is fully established.

Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.