STAUBACH, respondent, *v.* REXFORD, appellant.

PLEADING — *denial of ownership.* Under an answer denying " each and every allegation " in the complaint, which alleged that the plaintiff was the owner of certain personal property, the defendant may prove that he owned the same.

EVIDENCE — *ownership — license to enter inclosed field.* At the trial plaintiff testified that said property belonged to him, and was in his inclosed field when taken wrongfully. Defendant offered evidence to prove that plaintiff agreed to and did sell to him the property, and that under this agreement be entered the field and took the property. The evidence was rejected. *Held,* that the evidence relating to the ownership should have been admitted, and that, under said denial, the evidence relating to the privilege to enter the premises was properly excluded.

### *Appeal from Third District, Jefferson County.*

THIS action was commenced in the probate court and appealed to the district court. It was tried by WADE, J., with a jury.

CHUMASERO & CHADWICK, for appellant.

The evidence offered and excluded was directly upon the issues and competent. *Stoddard* v. *Onondaga Conference,* 12 Barb. 575 ; *Prindle* v. *Caruthers* 15 N. Y. 429 ; *Robinson* v. *Frost,* 14 Barb. 537 ; *Corwin* v. *Corwin,* 9 id. 219 ; *Benedict* v. *Seymour,* 6 How. Pr. 298.

B. T., H. M. and I. B. PORTER, for respondent.

The denial under our system of pleading differs from the general issue under the old system. The evidence was offered to show a license or justification and was inadmissible. This defense was not set up in the answer. 1 Van Santv. Pl. (Moak's ed.) 510, 562 ; *Haight* v. *Badgeley,* 15 Barb. 499 ; *Beaty* v. *Swarthout,* 32 id. 293 ; *Piercy* v. *Sabin,* 10 Cal. 22 ; *Glazer* v. *Clift,* id. 303 ; *Coles* v. *Soulsby,* 21 id. 47.

BLAKE, J. The respondent alleges in the complaint that he was the owner of certain hay, which was in his inclosed field, and that the appellant unlawfully entered the field and took and converted the hay to his use. The answer denies " each and every

allegation " contained in the complaint. At the trial the respondent testified that the hay belonged to him, and was in his possession in his inclosed field when it was taken wrongfully by the appellant. The appellant offered to prove that the respondent agreed to and did sell the hay to him, and that he entered the premises and took the property under this agreement. The court excluded this testimony, and this ruling is before us for review.

The statute provides that the answer " shall contain a general or specific denial of each allegation of the complaint intended to be controverted by the defendant, and may contain a statement of any matter in avoidance, or a counter-claim constituting a defense." Sts. 8th Sess. 46, § 1. Under the pleadings the respondent was required to prove that he was the owner of the hay. The facts that are necessary to be proved by him to make out his case are put in issue. The evidence tending to establish an agreement under which the property was taken by the appellant from the premises of the respondent, was matter in avoidance in the nature of a license or justification. This defense was not pleaded in the answer, and the testimony was properly excluded. *Haight* v. *Badgely*, 15 Barb. 499 ; *Beaty* v. *Swarthout*, 32 id. 293 ; *Coles* v. *Soulsby*, 21 Cal. 51.

Could the appellant, under his general denial, prove that he was the owner of the hay ? The defendant in ejectment, under this denial, may give in evidence title in himself. *Marshall* v. *Shafter*, 32 Cal. 176 ; *Stone* v. *Bumpus*, 40 id. 432. A defendant in replevin, under an answer denying the allegations of the complaint, may prove property in himself, or that plaintiff has no title. *Veny* v. *Small*, 16 Gray, 121 ; *Robinson* v. *Frost*, 14 Barb. 536. In *Hill* v. *Crompton*, 119 Mass. 381, the court holds that " while the defendants pleaded nothing in avoidance or discharge of the liability * * * but simply negatived the averments of the declaration, they were entitled, by any appropriate evidence, to meet that offered by the plaintiff and thus disprove their liability." Where an action respecting property is sought to be sustained on a general allegation of ownership, this may be put in issue by a denial without setting up in the answer facts going to show that some other person is in the ownership ; for the plain-

tiff must prove his allegations, and the defendant, under a denial, may controvert them. 1 Van Santv. Pl. (Moak's ed.) 570.

We think that the court erred in excluding that portion of the testimony, which the appellant sought to introduce, that tended to prove that he was the owner of the hay. This evidence was not upon a matter which must be set up affirmatively in the answer.

*Judgment reversed.*