SMITH ET AL., RESPONDENTS, *v.* PERHAM, APPELLANT.

| 33 | 309 |
|----|-----|
| f34 | 242 |
| f34 | 247 |
| f34 | 248 |
| 33 | 309 |
| 35 | 7 |

(No. 2,183.)

(Submitted November 28, 1905.  Decided December 11, 1905.)

*Sales—Recovery of Purchase Price—Complaint—Sufficiency—Instructions.*

Sales—Requisites—Instructions.
    1.  A requested instruction which told the jury that before a person can recover for goods delivered by him, he must prove a request therefor by the party to whom they are delivered, was properly refused, because recovery may be had if delivery to, and acceptance

of the goods by, the intended purchaser, and a promise, expressed or implied, on the part of the purchaser to pay for them, are shown.

Sales—Recovery of Price—Instructions.

2. An instruction in an action to recover for materials furnished, to the effect that the only question for the jury to determine was whether or not defendant received from plaintiff the goods in controversy, was erroneous, since the mere delivery of goods by one person to another is not of itself sufficient to create a liability for their value; in order to do so, such delivery and acceptance must have occurred under such circumstances as that the law will imply a promise to pay for them.

Sales—Action for Price—Complaint—Sufficiency.

3. A complaint in an action for goods sold, which alleges that during a time specified, plaintiff furnished and delivered to defendant certain goods of a specified value, that defendant received the same and used them for his own benefit, and that he has not paid therefor, states no cause of action, its allegations not being inconsistent with a gift.

Instructions—Prejudicial Error—Presumptions.

4. Prejudice will be presumed from the giving of an erroneous instruction, even if others were given which correctly state the law.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by H. J. Smith and B. Urner, doing business under the firm name and style of Smith & Urner, against William T. Perham. Judgment was entered in favor of plaintiffs. From it and an order denying defendant a new trial, he appeals. Reversed.

*Mr. Robert B. Smith,* for Respondents.

*Messrs. McBride & McBride,* and *Mr. J. Bruce Kremer,* for Appellant.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Omitting the formal parts and the allegations of mere conclusions of law, the complaint in this action alleges: "That during the month of September, 1901, the said plaintiffs furnished and delivered to the defendant, and the defendant received from the plaintiffs, stucco and plaster of paris, of the reasonable value of three hundred twenty-eight ($328.00) dollars, which the defendant used for his own uses and for his own

benefit. That the defendant has not paid the plaintiffs therefor, or any portion thereof.''

The answer denies specifically these allegations of the complaint. The cause was tried to the court sitting with a jury. Among others, the court gave instruction No. 2 as follows: ''The court instructs you that the only question to be determined in this case is whether or not the defendant received from the plaintiff the material which the plaintiff claims to have furnished to the defendant. If the defendant received such material from the plaintiff and accepted it, then it is your duty to find for the plaintiff the reasonable value thereof, not exceeding the sum sued for''; and refused to give an instruction asked by the defendant, the material portion of which is as follows: ''That before any charge can be made, or any money collected, for goods furnished or delivered, it devolves upon the plaintiff to prove a request by the defendant for the furnishing and delivery of such goods and material.''

The jury returned a verdict in favor of the plaintiffs and judgment was entered thereon. From this judgment and from an order denying him a new trial the defendant appealed. Heretofore the appeal from the judgment was dismissed. (*Perham* v. *Smith*, 32 Mont. 603, 83 Pac. 1118.)

Error is predicated upon the giving of instruction No. 2 above, and the refusal of the court to give the instruction asked by the defendant, herein set forth. Error is also assigned to the giving of instruction No. 1, and to the rulings of the court in excluding certain documentary evidence offered by defendant upon the trial of the cause.

While instruction No. 1 is inartistically drawn, we do not think it is open to the criticisms made upon it. The objection to it is hypercritical. Neither do we think that the court committed error in excluding the proffered testimony.

The instruction asked by the defendant and refused by the court does not correctly state the law. Under the theory of that instruction, before a person can ever recover for goods delivered by him, he must prove a request therefor by the party

to whom they are delivered. This is not necessarily true. He may recover if he shows a delivery to, and acceptance of the goods by, the intended purchaser, and a promise, expressed or implied, on the part of such purchaser to pay for them. For the reason that the instruction was limited altogether too much in its scope, the court did not commit error in refusing to give it.

The principal contention is made with reference to instruction No. 2, given by the court and set forth above. That instruction told the jury that there was but one question to be determined, namely: Did the defendant receive from the plaintiffs the materials in controversy? If so, plaintiffs were entitled to recover therefor the reasonable value of such goods. The court evidently proceeded upon the theory that the complaint states a cause of action, and conformed the instruction to the theory of the case announced in the complaint. If it is only necessary for plaintiffs to deliver goods to defendant, or to deliver them and for the defendant to receive the same, in order to establish a liability on the part of the defendant to pay for the goods, then the instruction was properly given. But is this sufficient? It is elementary that before a plaintiff can prevail, he must put the defendant in the wrong. There is not anything set forth in the complaint inconsistent with the idea that the goods in controversy were intended as a gift. In every instance of a gift there is a delivery by the donor, and an acceptance of the gift and its use for the donee's benefit. Or, again, goods may be sold to one person and at his request delivered to, and accepted and used by, another, and the person accepting and using them will not be liable for their value to the seller. In order to charge the defendant, the complaint must set forth an express contract, or a request, expressed or implied, on the part of the defendant for the goods, or the delivery of the goods by the plaintiff, and a promise, expressed or implied, on the part of the defendant to pay therefor.

In the brief of respondents, who were plaintiffs below, appears this statement: "There **is no** question between counsel for

appellant and myself as to what constitutes an express or an implied contract. In the case at bar the contract is express.'' If the contract sued upon was an express contract, the complaint wholly fails to plead it. But this feature alone would not necessarily be fatal, if an implied contract was set forth. But the complaint does not state a cause of action either upon an express or implied contract. (*Conrad Nat. Bank* v. *Great Northern Ry. Co.*, 24 Mont. 178, 61 Pac. 1.)

The instruction was erroneous, and prejudice will be presumed. It does not improve matters to say that other instructions were given which correctly state the law; for it cannot be determined whether the jury followed instruction No. 2 or not.

The mere delivery of goods by one person to another is not of itself sufficient to create a liability for their value. The delivery to, and an acceptance by, the intended purchaser must have occurred under such circumstances that the law will imply a promise to pay for them. One may not make himself the creditor of another by officiously delivering to such other person goods of whatever character.

As this cause must be remanded for a new trial, attention is called to the insufficiency of the complaint to state a cause of action.

Because of error in giving instruction No. 2 above, the order denying a new trial is reversed, and the cause remanded with direction to grant a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.