DONOVAN-McCORMICK COMPANY, Appellant, v. SPARR, Respondent.

(No. 2,262.)

(Submitted April 9, 1906.  Decided May 14, 1906.)

*Money    Paid—Instructions—Appeal—Record—Presumptions— Burden of Proof—Proving Negative.*

Money Paid—Liability of Defendant—Instructions.
  1.  In an action to recover a sum of money alleged to have been paid by plaintiff for the use and benefit of defendant in the purchase of certain stock, a requested instruction that if the jury believed that the plaintiff had purchased the stock for defendant, the latter was

bound to pay for it, was erroneous, since, in order to fasten liability upon him, a request, express or implied, on his part, for such purchase must have been shown.

Appeal—Record—Evidence—Instructions.

2. In the absence of the evidence from the record on appeal, instructions, to be subject to review, must have been erroneous under any conceivable state of facts presented at the trial.

Appeal—Record—Absence of Evidence—Pleadings—Presumptions.

3. Every reasonable presumption will be indulged in favor of the action of the trial court; and in the absence of the evidence from the record on appeal, it will be presumed that instructions were warranted by the interpretation of the pleadings acted upon by the parties, and by the evidence in the case, unless the contrary appears.

Money Paid—Issues—Instructions.

4. The complaint, in an action for money paid, alleged that the plaintiff corporation purchased certain shares of stock for the defendant at his special instance and request and that he agreed to pay for them. Defendant interposed a general denial. The court submitted an instruction telling the jury, among other things, that a question for their determination was as to whether the plaintiff company had purchased the stock for itself. The record on appeal did not contain the evidence. *Held,* that the giving of this instruction did not present a new issue, because, under his general denial, the defendant might have presented evidence to show that the plaintiff had purchased the stock for its own use and benefit.

District Courts—Instructions—Theory of Case.

5. The district court, in charging the jury, may not disregard the theory of the case at issue entertained by either party.

Money Paid—Instructions—Burden of Proof—Proving Negative.

6. An instruction, given in an action to recover money alleged to have been paid for the use and benefit of defendant in the purchase of certain shares of stock, which told the jury that the burden of proving that it did not buy the stock on its own account was upon the plaintiff corporation, while not to be commended as a mode in which to present a question in controversy to the jury, may not be said, in the absence of the evidence from the record, to impose upon plaintiff any greater burden than that which would have been imposed had the jury been informed that the burden was upon plaintiff to show that the stock was purchased for defendant, since proof of either alternative disproved the other.

Conflicting Instructions—When Harmless Error.

7. The giving of two conflicting instructions, one of which correctly stated the law while the other was erroneous, but in appellant's favor, does not constitute reversible error.

*Appeal from District Court, Yellowstone County; C. H. Loud, Judge.*

ACTION by the Donovan-McCormick Company against Charles W. Sparr. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*Messrs. Walsh & Newman,* and *Mr. W. M. Johnston,* for Appellant.

The error in instructions 6, 7, 9, 10 and 11 is that they introduced an issue which was not presented by the pleadings or involved in the case, and the jury were thereby misled to the prejudice of the plaintiff.

It is a well-established principle and rule of procedure that the instructions must be warranted by the pleadings and evidence. Primarily, they must be warranted by the pleadings, because the evidence must correspond with the pleadings. This has been decided by the supreme court in many cases. (*Thornton-Thomas Co.* v. *Bretherton,* 32 Mont. 99, 80 Pac. 10; *Yoder* v. *Reynolds,* 28 Mont. 195, 72 Pac. 417; *Goodkind* v. *Gilliam,* 19 Mont. 388, 48 Pac. 548; *Walsh* v. *Mueller,* 16 Mont. 180, 40 Pac. 292; *Purtle* v. *Casey,* 11 Mont. 229, 28 Pac. 305; *Kinna* v. *Horn,* 1 Mont. 329; 11 Ency. of Pl. & Pr. 159; *Chicago B. & L. Ry. Co.* v. *Clinebell* (Neb.), 99 N. W. 839; *Gulf C. & S. F. Ry. Co.* v. *Scott* (Tex. Civ. App.), 27 S. W. 827; *Frederick* v. *Kinzer,* 17 Neb. 366, 22 N. W. 770; *Reed* v. *Gould,* 93 Mich. 359, 53 Pac. 356; *Barrett* v. *Wheeler,* 66 Iowa, 560, 24 N. W. 38.) So in this case, the issue presented was that the defendant purchased the stock, and the plaintiff paid for it at his request, and that he agreed to repay the plaintiff. No issue was presented that the plaintiff purchased the stock, to be held as treasury stock, to be disposed of as the board of directors should order. (*Beck* v. *Trimble,* 14 Colo. App. 195, 59 Pac. 412; *Coos Bay R. & E. & N. Co.* v. *Siglin,* 26 Or. 387, 38 Pac. 192; *Denman* v. *Johnston,* 85 Mich. 387, 48 N. W. 565. See, also, *Gilmore* v. *Swisher,* 59 Kan. 172, 52 Pac. 426; *Elderkin* v. *Peterson,* 8 Wash. 674, 36 Pac. 1089; *Holt* v. *Pearson,* 12 Utah, 63, 41 Pac. 560; *Thorwegan* v. *King,* 111 U. S. 549, 4 Sup. Ct. 529, 28 L. Ed. 514; *McCready* v. *Phillips,* 63 N. W. 7; *Pearson* v. *Dryden,* 28 Or. 350, 43 Pac. 166; *Bowen* v. *Clarke,* 22 Or. 566, 29 Am. St. Rep. 625, 30 Pac. 430; *St. Louis etc. Ry. Co.* v. *Blinn,* 10 Kan. App. 468, 62 Pac. 427; *Morrow* v. *St. Paul City Ry. Co.,* 67 N. W. 1002; *Fortiscue* v. *Crawford,* 10 S. E. 910; *Missouri K.*

*& T. Ry. Co.* v. *Wickham,* 28 S. W. 917; *Hammond* v. *King,* 92
N. W. 1031; *Frick* v. *Kabaker,* 90 N. W. 498; *Barry* v. *Graciette,*
71 S. W. 307; *Perey* v. *S. A. & A. P. Ry. Co.,* 67 S. W. 137;
*Moffatt* v. *Conklin,* 35 Mo. 453; *Christian* v. *Connecticut etc. Ins.
Co.,* 143 Mo. 460, 42 S. W. 268; *Easterly & Son* v. *Van Slyke,* 21
Neb. 611, 33 N. W. 209.)

*Mr. O. F. Goddard,* and *Mr. T. J. Walsh,* for Respondent.

The appellant asserted that the respondent bought the stock.
He retorted that he did not, that the appellant bought it.   The
appellant declared that it paid for stock for the respondent,
and at his request.   He answered that it did not; it paid its
own obligation.   Evidence to show that it was the appellant
that bought the stock, that the obligation was its, not the re-
spondent's, is not evidence in support of an affirmative defense.
It is contradictory of the averments of the complaint that the
appellant bought the stock and that it paid for it for him, for
his accommodation and at his request.   If the respondent had
added to his answer averments to the effect that the stock was
in fact bought from Donovan by the appellant for its own use
and that the payment of the money was made by it in discharge
of its own obligation, they would be subject to be stricken out
as redundant.   (Pomeroy's Code Remedies, 682.)   Such aver-
ments would not be "new matter"; they would simply be affirma-
tive denials.   "New matter" calling for a reply confesses and
avoids the plaintiff's cause of action.   (1 Ency. of Pl. & Pr.
832.)   It concedes that a cause of action once existed.   (*Hogen*
v. *Klabo* (N. Dak.), 100 N. W. 847-849; Pomeroy's Code Reme-
dies, 673, 674, 682; *Jones* v. *Rush,* 156 Mo. 364, 57 S. W. 118.
See, also, *Mauldin* v. *Ball,* 5 Mont. 96, 1 Pac. 409; *Meyendorf* v.
*Frohner,* 3 Mont. 282.)   These cases hold, in effect, that under a
general denial of the plaintiff's title, the defendant may show
title in himself, and for the very plain reason that such evidence
contradicts the assertion of the plaintiff that he is the owner.
(*Staubach* v. *Rexford,* 2 Mont. 565; *Dayhoff* v. *International
etc. Ry. Co.* (Tex. Civ. App.), 26 S. W. 517; *Wiedeman* v.

*Hedges,* 63 Neb. 103, 88 N. W. 170.) The respondent was plainly entitled to show, under the denials in the answer, that the stock was bought by the appellant itself, and thus refute the allegation that it was bought by the defendant and his associate stockholders.

Appellant suffered no injury by any conflict in instructions 9 and 14. (*Robinson* v. *Mills,* 25 Mont. 391, 65 Pac. 114.)

Whatever ground of complaint the respondent might have had, on account of any conflict in these instructions, were the verdict against him, the appellant has none, the error, if error is found in them, being in its favor. (*Dennison* v. *Chapman,* 105 Cal. 447, 39 Pac. 61; *Williams* v. *Southern Pac. Ry. Co.,* 110 Cal. 457, 42 Pac. 974; *Alexander* v. *Clark,* 83 Mo. 481-488.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The Donovan-McCormick Company brought this action to recover from the defendant Sparr the sum of $5,049.31, alleged to have been expended by the company for the use and benefit of Sparr and at his special instance and request.

The complaint alleges that T. C. Power, Paul McCormick, A. C. Johnson, and defendant Sparr purchased two hundred shares of the capital stock of the plaintiff company from W. H. Donovan for $20,197.23; that such stock was transferred to Paul McCormick, trustee, to be held for the parties named, in the following proportions: Power, fifty-six and one-quarter shares; McCormick, fifty-six and one-quarter shares; Johnson, thirty-seven and one-half shares; and Sparr, fifty shares; that this stock was paid for by the plaintiff company at the special instance and request of the above-named parties; that defendant Sparr's proportion of the purchase price was $5,049.31, which he agreed to repay to the plaintiff, but failed and refused to do so. The answer admits that the plaintiff company paid for the stock mentioned the sum of $20,197.23, but denies every other material allegation of the complaint. The trial of the case re-

sulted in a verdict and judgment in favor of the defendant, from which judgment the plaintiff appeals.

The record consists of the judgment-roll, without any bill of exceptions, and, of course, does not present any of the evidence. The errors assigned are the refusal of the court to give plaintiff's requested instruction No. 7, and the giving of instructions Nos. 6, 7, 8, 9, 10, and 11.

1. Plaintiff's requested instruction No. 7, which was refused, is as follows: "You are further instructed that if you believe from the evidence that the said two hundred shares of stock were purchased *for* the said A. C. Johnson, T. C. Power, Paul McCormick, and the defendant, C. W. Sparr, and held in trust by the said McCormick for the said parties, that the defendant is bound to pay his proportion of the said sum of $20,197.23, which he admits that the plaintiff paid for said stock."

If we assume that the particular fifty shares of stock were purchased for Sparr and that McCormick holds them in trust for him, still the showing of these facts alone would be wholly insufficient to charge Sparr with their purchase price. They may have been purchased for him without his knowledge or consent. He may never have requested that they be purchased for him, and he may never have agreed to pay for them. Any controversy over this subject, however, is set at rest by the recent decision of this court in *Smith* v. *Perham,* 33 Mont. 309, 83 Pac. 492. In that case the court instructed the jury that, if the plaintiff delivered the goods to defendant and defendant received them, he must pay for them. The giving of this instruction caused a reversal of the judgment. Among other things, this court said: "It is elementary that before a plaintiff can prevail he must put the defendant in the wrong.  *  *  *  In order to charge the defendant, the complaint must set forth an express contract, or a request, expressed or implied, on the part of the defendant for the goods, or the delivery of the goods by the plaintiff and a promise, expressed or implied, on the part of the defendant to pay therefor.  *  *  *  The mere delivery of goods by one person to another is not of itself sufficient

to create a liability for their value. The delivery to and an acceptance by the intended purchaser must have occurred under such circumstances that the law will imply a promise to pay for them. One may not make himself the creditor of another by officiously delivering to such other person goods of whatever character." In 2 Greenleaf on Evidence, sixteenth edition, section 107, it is said: "In actions upon the common counts for goods sold, work and materials furnished, money lent, and money paid, *a request* by the defendant is material to be proved; for ordinarily no man can make himself the creditor of another by any act of his own, unsolicited and purely officious."

In *Boyer* v. *Richardson,* 52 Neb. 156, 71 N. W. 981, the same rule is announced as follows: "It is elementary law that in order to recover money paid to the use of another, where the party paying was under no obligation so to do, the payment must have been moved by a previous request from the party to whose use the money was paid. In some cases a previous request will be implied, as where the money was obtained by duress either of a person or property, or by deceit, or where there has been a subsequent express promise to repay the money, as was the case in *Stuht* v. *Sweesy,* 48 Neb. 767, 67 N. W. 748. But where the payment is entirely voluntary—where there is no subsequent promise to repay—a previous request must be proved."

In considering this same question, though presented by the pleadings, the supreme court of California, in *Curtis* v. *Parks,* 55 Cal. 106, said: "The complaint failing to show any agreement or understanding by which the plaintiffs were authorized to pay the defendant's part, or any promise by the latter to repay, it fails to show any right in plaintiffs to recover what must be regarded, as the case is presented by the complaint, as a voluntary payment. No man can be a debtor for money paid, unless it was paid at his request." The court properly refused this requested instruction.

2. While errors are predicated upon the giving of instructions 6, 7, 8, 10, and 11, these instructions are all considered together,

and Nos. 6 and 7 fully present all questions argued. They are as follows:

"(6) The question for your determination in this case is as to whether the plaintiff company, at the time of the transfer of the two hundred shares of its capital stock from W. H. Donovan to Paul McCormick, trustee, paid what it did pay for the same because it had purchased said stock to be held as its own or like treasury stock, and to be disposed of as its board of directors should order, or whether the stock was purchased by the defendant, Sparr, and the other stockholders in the proportion of their then holdings, each being entitled to dispose of his own share as he saw fit, the plaintiff corporation paying for the same at the request of the purchasers and for their accommodation.

"(7) The burden of proof is on the plaintiff to show that it did not buy or own the Donovan stock, and that when it paid for the same it was not paying its own obligation or indebtedness, but advanced the money as an accommodation to the defendant Power, McCormick, and Johnson, who were purchasers of the same; and the plaintiff must satisfy you by a preponderance of the evidence that it did not buy said stock, but simply advanced to the persons last named, at their request, the money to buy the same; and if you believe the weight of the evidence is against the contention of the plaintiff in that regard, or if you believe the evidence in respect to the matter to be evenly balanced, or if you are unable to say from the evidence what the truth of the matter is, your verdict should be for the defendant."

In *State* v. *Mason*, 24 Mont. 340, 61 Pac. 861, this court, speaking through Mr. Justice Word, quoted with approval, and specifically adopted, the rule announced in *People* v. *Levison*, 16 Cal. 98, 76 Am. Dec. 505, as follows: "It is true, there is no statement in this case. But, when the instructions are erroneous under any and every state of facts, then this court will review them. For it follows as necessarily in such a case that the court erred to the prejudice of the defendant, when

there is no statement, as when one exists.  If, however, the instructions *may be* correct under any supposed state of facts, as the appellant must show affirmative error, we presume in favor of the judgment below, and will not reverse the judgment when no statement appears.''

In 1 Blashfield on Instructions to Juries, section 375, it is said: ''So, where the instructions would be correct under a possible state of facts, and the evidence is not all before the court, it will be presumed that the evidence was such as to justify the giving of the instructions.  This presumption is rebutted, however, where the record purports to contain all the evidence, or where it is apparent that the instructions would be improper under any possible state of the evidence under the pleadings.''  In order, then, to reverse this judgment, we are required to say that these instructions given would have been erroneous under any possible state of facts appearing at the trial of the case.

The argument of counsel for appellant is that these instructions introduced into the case an issue not raised by the pleadings, imposed upon the plaintiff the burden of proving such issue, and required the plaintiff to prove a negative.  To what extent, if any, instructions may properly be given with respect to matters not strictly within the issues made by the pleadings, need not be considered.  We do not think any new issue was introduced by these instructions.  Every reasonable presumption will be indulged in favor of the action of the trial court, and, in the absence of the evidence, it will be presumed that the instructions were warranted by the interpretation of the pleadings acted upon by the parties, and by the evidence in the case, unless the contrary appears.

The complaint alleges that these fifty shares of stock were purchased for Sparr at his special instance and request, and that he agreed to pay for them.  The question whether the shares were purchased for the plaintiff did not present a new issue, for, under his general denial, Sparr might have presented

evidence to show that the plaintiff had purchased the shares of stock for its own use and benefit and not for him.

In *Wiedeman* v. *Hedges,* 63 Neb. 103, 88 N. W. 170, it is said: "If suit is brought against A for goods alleged to have been sold him, it would seem that the facts necessary to be established under the petition, before a recovery could be had, could hardly be more directly controverted than by evidence establishing the fact that the contract was made with, and the goods sold to B, and all such testimony is admissible under a general denial." So, likewise, in actions in replevin and conversion, it has been held by this court that, where the plaintiff alleges ownership in himself, the defendant under a general denial may show that he is the owner of the property, or that it belongs to a third person. (*Staubach* v. *Rexford,* 2 Mont. 565; *Gallick* v. *Bordeaux,* 22 Mont. 470, 56 Pac. 961; *Kipp* v. *Silverman,* 25 Mont. 296, 64 Pac. 884.) If, then, when A alleges ownership in himself, and, under a general denial, B may show that he is the owner of the property, the converse of this would certainly be equally true, namely, if A alleges that B is the owner, as in the case under consideration, then, under the general denial, B may show that in fact A is such owner. (Pomeroy's Code Remedies, sec. 558.)

These instructions would seem to indicate that the trial court understood that the theory of the defendant was that the shares of stock had been purchased by the plaintiff for its own use and benefit, and not for Sparr's account. And, if that was the position assumed by the defendant, the trial court might properly have said to the jury: "The plaintiff contends that the shares of stock were purchased for the defendant at his instance and request; the defendant contends that they were purchased for the use and benefit of the plaintiff, and not for him. It is for you to determine from the evidence which, if either, of these contentions is correct"—and this is just what the court did do, in effect, by instruction No. 6. If the theory of the defendant was that the shares of stock were purchased by the plaintiff for its own use, then instructions Nos. 8, 10,

and 11 were proper, for the court has no right to ignore the theory of either party in its instructions. (11 Ency. of Pl. & Pr. 190, note, and cases cited.)

It is also argued that instruction No. 7 imposes upon the plaintiff the burden of proving a negative; that is, that the plaintiff did not purchase the shares of stock for its own use and benefit. While this manner of presenting a question in controversy to the jury is not to be commended, we cannot say, in the absence of the evidence, that the instruction is erroneous. Confessedly, the burden was upon the plaintiff to show that the shares of stock were purchased for Sparr, and that Sparr either requested that they be purchased for him, or, knowing that they had been purchased for his use, agreed to pay for them. (*Smith* v. *Perham,* above.) If instruction No. 7 does not impose upon the plaintiff any additional burden, it cannot complain. The contention of plaintiff was that the shares had been purchased for Sparr at his special instance and request, and that, when plaintiff paid for the shares, it was merely advancing the money for Sparr's accommodation, and that Sparr agreed to repay the amount advanced on his account. The instruction told the jury that, if they believed the weight of the evidence was against the contention of the plaintiff, or if the evidence in respect of the matter was evenly balanced, or if they were unable to say from the evidence what the truth of the matter was, their verdict should be for the defendant—and that portion of it is certainly correct.

Furthermore, it must be presumed that the evidence showed one of two things, that the shares were purchased for Sparr or for the plaintiff, and plaintiff could prove its contention by showing that they were purchased for Sparr, or by showing that they were not purchased for itself; for, if there were but two alternatives presented, then proof of either disproved the other, and, if proving that the stock was purchased for the defendant was sufficient to show that it was not purchased for the plaintiff, then there is nothing in this record to indicate

that the burden imposed upon the plaintiff by the first portion of instruction No. 7 was any greater than that which would have been imposed had the instruction told the jury that the burden was upon the plaintiff to show by a preponderance of the evidence that the stock was actually purchased for Sparr. This instruction may be clearly erroneous under section 3145 of the Code of Civil Procedure, but, in the absence of the evidence, we must presume that it was warranted by the facts appearing at the trial.

It is said that instructions 9 and 14, given, are conflicting, and they appear to be so. No. 9 told the jury that the plaintiff must prove that the shares were purchased for Sparr at his request. No. 14 announces the rule that, where one person pays money for the use of another, the law raises an implied promise, on the part of the person for whom the money was paid, to repay the same. Instruction No. 9 correctly states the law as determined in *Smith* v. *Perham,* above, while No. 14 is erroneous, but in plaintiff's favor, as it only imposed upon the plaintiff the burden of showing that it had paid for the stock for Sparr's use and benefit, and relieved it of the burden of showing any request on Sparr's part in the first instance, or promise to pay in the second. But the fact that these instructions are conflicting does not require a reversal of the judgment. In *State* v. *Jones,* 32 Mont. 442, 80 Pac. 1095, this court said: "It is not every case of conflicting instructions which warrants a reversal. If one instruction states the law, and another one in conflict with it is given, which is erroneous, but in the defendant's favor, he cannot complain of the erroneous instruction, or of the conflict between the two"—and numerous authorities are cited in support of the rule. And there is reason for the rule. If the jury in this case followed the directions of instruction No. 9, the plaintiff cannot complain, because that instruction correctly states the law. If, on the other hand, the jury followed instruction No. 14, the plaintiff cannot complain, for,

if the jury could have been misled by that instruction, it could only have been misled in the plaintiff's favor.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE MILBURN, not having heard the argument, takes no part in the foregoing decision.

