THE HON. WILLIAM L. HOLLOWAY,  
THE HON. HENRY C. SMITH, } Associate Justices.

SULLIVAN, Respondent, *v.* METROPOLITAN LIFE INSUR-
ANCE CO., Appellant.

(No. 2,338.)

(Submitted January 8, 1907. Decided January 14, 1907.)

(88 Pac. 401.)

*Life Insurance—Action on Policy—Waiver of Conditions—Instructions.*

Life Insurance—Policy—Breach of Conditions—Conflicting Instructions.
  1. Where a life insurance policy provided that it should be void:
  (1) if insured had been attended by a physician for any serious
  disease within two years prior to the date of the policy, or (2) if
  before its date he had any pulmonary disease—it was error for the
  court to instruct the jury, in an action to recover the amount of the
  policy, that there was but one question for them to decide, viz., whether
  deceased had been attended by a physician as provided in the first
  clause, and, if they found that he had not, they should find for plain-
  tiff—in that the instruction ignored the second defense urged by the
  insurer, that deceased had been afflicted by tuberculosis of the lungs.

Trial—Conflicting Instructions—Prejudicial Error.
  2. Error committed by the trial court in submitting to the jury con-
  flicting instructions upon a material point, the one correct and the other

Mont., Vol. 35—1

incorrect, is prejudicial, inasmuch as it is impossible to determine by which one of them the jury were guided in arriving at a verdict.

Life Insurance—Breach of Conditions—Good Faith of Insured—Instructions.

3. An instruction, given to the jury in an action on a life insurance policy, that if the insured acted in good faith when answering certain questions in the application for the policy, even if wrongly answered, verdict should be for plaintiff, was upon a point not at issue and immaterial, where the policy declared that it contained the entire agreement between the parties to it, and where the defense relied upon was the breach of two provisions contained in the contract of insurance.

Same—Waiver of Conditions—Instructions.

4. Where a life insurance policy provided that its terms could not be changed or its conditions varied except by a *writing* signed by the president or secretary of the insurance company, the defendant in an action on the policy was entitled to have the jury instructed that any waiver of the terms and conditions in the contract must have been in *writing*.

*Appeal from District Court, Silver Bow County; George M. Bourquin, Judge.*

ACTION by Nellie Sullivan against the Metropolitan Life Insurance Company. Judgment for plaintiff. Defendant appeals from the judgment and an order denying it a new trial. Reversed and remanded.

*Mr. John A. Coleman,* for Appellant.

The contract of insurance is essentially commercial and must be tested by the rules of such transactions. They are only written contracts, to be interpreted by the same rules which apply to other contracts, to be enforced according to the intention of the parties. (*Liverpool and London and Globe Ins. Co.* v. *Kearney,* 180 U. S. 132, 21 Sup. Ct. 326, 45 L. Ed. 460; *Wells, Fargo & Co.* v. *Pacific Ins. Co.,* 44 Cal. 97; *Yoch* v. *Home Mut. Ins. Co.,* 111 Cal. 503, 44 Pac. 189, 34 L. R. A. 857; *Hone* v. *Mutual Safety Ins. Co.,* 30 N. Y. Super. Ct. (1 Sand.) 137.)

The fact that the insured was treated for consumption some time prior to the issuance of the policy, and died of consumption shortly after the issuance of the policy, indicated that the disease existed at the time of the application. (*Murphy* v. *Prudential Life Ins. Co.,* 205 Pa. 444, 55 Atl. 19. See *Woodward* v.

*Iowa Life Ins. Co.,* 104 Tenn. 49, 56 S. W. 1020.) Where the attendance by a physician and the existence of a serious disease is shown, the burden is not upon the defendant to show that the attendance was not for a slight or temporary indisposition, but the plaintiff must prove such fact. (*Rhode* v. *Metropolitan Life Ins. Co.,* 129 Mich. 112, 88 N. W. 400.) The plaintiff cannot excuse the falsity of the answers in the application by reason of want of knowledge, for the burden of proof is upon the plaintiff to show such want of knowledge on the part of the applicant as will excuse the false statements. (*Hartford Life etc. Co.* v. *Gray,* 91 Ill. 159.)

Representations made to insurer before or at the time of making the contract are a presentation of the elements on which the risk to be assumed is estimated; they are the basis of the contract on the faith of which it is entered into, and if false in any respect material to the risk the contract will not take effect. The representations as to the attendance by physicians within two years prior to the date of the application was answered in the negative. Defendant introduced testimony to show falsity of the answer. This was one of the material issues, and defendant was entitled to have the jury instructed as to the law upon the materiality of the question and answer in the light of the evidence introduced. (*Schwarzbach* v. *Ohio Valley etc. Union,* 25 W. Va. 622, 52 Am. Rep. 227.)

*Mr. John E. Corette,* for Respondent.

In order to constitute an application upon which a policy is issued a part thereof, the two instruments must be so connected as to make them in legal effect one contract. (*Miller* v. *Mutual Ben. L. Ins. Co.,* 31 Iowa, 216, 7 Am. Rep. 122; *First Nat. Bank of Ballston Spa* v. *Insurance Company of North America,* 50 N. Y. 45; *Mutual Benefit Life Ins. Co.* v. *Wise,* 34 Md. 582; *Wall* v. *Howard Ins. Co.,* 14 Barb. 383; *Queen Ins. Co.* v. *May* (Tex. Civ. App.), 35 S. W. 829.) The language of a policy being that of the insured, it is to be construed most

strongly against the insurer. (16 Am. & Eng. Ency. of Law, p. 928, and cases cited.)

The questions as to attendance by physicians and health of the insured are questions for the jury. (*Woodward* v. *Iowa Life Ins. Co.*, 104 Tenn. 49, 56 S. W. 1020; *Plumb* v. *Penn Mut. Ins. Co.*, 108 Mich. 94, 65 N. W. 611; *Penn Mut. L. Ins. Co.* v. *Mechanics'* etc. *Co.*, 72 Fed. 413, 37 U. S. App. 692, 19 C. C. A. 296, 38 L. R. A. 33; *Fitch* v. *American Pop. L. Ins. Co.*, 11 Alb. Law Jour. 91; *Edington* v. *Mutual L. Ins. Co.*, 67 N. Y. 185; *Doty* v. *New York St. Mut. B. Assn.*, 9 N. Y. Supp. 42, 55 Hun, 612; *Keatley* v. *Travelers' Ins. Co.*, 187 Pa. 197, 40 Atl. 808; *Cheever* v. *Union Cent. L. Ins. Co.*, 6 Week. Law Bull. 196.) It is the duty of the court to define sickness and disease, and for the jury to say whether the ailment proved was within the definition. (*Cheever* v. *Union Cent. L. Ins. Co.*, *supra.*) For definitions given by the courts for the words "Attendance by Physician," see *Brown* v. *Metropolitan L. Ins. Co.*, 65 Mich. 306, 8 Am. St. Rep. 894, 32 N. W. 610; *Hann* v. *National Union*, 97 Mich. 513, 37 Am. St. Rep. 365, 56 N. W. 834; *Plumb* v. *Penn· Mut. L. Ins. Co.*, *supra.*

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action to recover the sum of $276 and interest upon a contract of life insurance. The plaintiff is the beneficiary named in the policy of insurance, which was issued upon the life of her husband, Jeffery Sullivan. The policy contains, among others, these provisions:

"Second. This policy is issued upon an application which omits the warranty usually contained in applications, and contains the entire agreement between the company and the insured.

"Third. Unless otherwise stated in the blank space below in a waiver signed by the secretary, this policy is void if the insured before its date has been rejected for insurance by this or any other company, or has been attended by a physician for any

serious disease or complaint, or has had before said date any pulmonary disease, or bronchitis, or any scrofulous disease.''

The complaint is in the usual form. The answer admits the making of the contract, and that the plaintiff paid the premiums and otherwise complied with the contract; but, as a separate defense, it is alleged that the policy was void at the time of the commencement of this action for the reasons, first, that at the time of Jeffery Sullivan's application for insurance and at the time the policy was issued Sullivan was afflicted with tuberculosis of the lungs, which is a pulmonary disease; and, second, that within two years prior to the date of the policy Sullivan had been attended by physicians for a serious disease or complaint. The allegations of new matter in the answer were denied in a reply.

Upon the trial the court gave, among others, instructions 1, 2, and 11, as follows:

''No. 1. You are instructed that this is an action brought by plaintiff, as beneficiary under a life insurance policy issued by defendant to Jeffery Sullivan, to recover the sum of $276, with interest, and that the defendant life insurance company admits that Jeffery Sullivan and the plaintiff herein have performed all the conditions of the said policy, and have paid all premiums thereon, but defendant alleges that said Jeffery Sullivan was attended by two physicians for la grippe, rheumatism, and tuberculosis of the lungs within two years before said Sullivan made application for the policy herein, which said attendance by physicians, defendant alleges, makes the policy void. The only question for you in this case is whether or not said Jeffery Sullivan was attended by physicians within two years prior to the time of making his application for said policy; and, if you find from the evidence that said Jeffery Sullivan was not 'attended by physicians,' as the clause 'attended by physicians' is construed by the law, then you must render your verdict for the plaintiff.

''No. 2. If you shall find from the evidence that prior to the twenty-seventh day of April, 1903, the date of the policy here

sued on, the said Jeffery Sullivan, deceased, 'the insured, had been attended by a physician for any serious disease or complaint, or had before said date been affected with pulmonary disease or chronic bronchitis, you must find a verdict for the defendant. It makes no difference whether the assured knew he was afflicted or not. He may have been entirely ignorant of the fact, or may have believed that the symptoms he had did not indicate a pulmonary disease or chronic bronchitis. Yet, if in fact he had pulmonary disease or chronic bronchitis prior to the twenty-seventh day of April, 1903, and the existence of said afflictions had not been waived, you must find for the defendant.''

''No. 11. You are instructed that if you find from the evidence that Jeffery Sullivan was acting in good faith when he answered the questions in the application for the insurance policy herein and when he entered into said contract of insurance, and that any said questions if wrongly answered were not material, in that, if correctly answered, the defendant would still have accepted the risk, then you must render your verdict in favor of the plaintiff.''

The jury returned a verdict in favor of the plaintiff for the amount claimed in the complaint, with interest and costs. Upon this verdict, judgment was rendered and entered, and from this judgment and an order denying its motion for a new trial the defendant appeals. In this court it is urged (1) that instruction No. 1 is erroneous and conflicts with instruction No. 2, given by the court; (2) that instruction No. 11, as given, is erroneous; and (3) that the court erred in modifying instruction No. 2.

1. It is to be observed from that portion of provision No. 3 of the policy quoted above that it was understood and agreed by the parties that the policy should be void if either one or both of two facts should be established, viz.: (1) If Sullivan had been attended by a physician for any serious disease or complaint within two years prior to the date of the policy; or (2) if before the date of the policy Sullivan had any pulmonary

disease. In instruction No. 1 the court wholly ignored this second ground of defense, and in very explicit terms informed the jury that there was but one question to be determined, namely: Had Sullivan been attended by physicians at any time within two years prior to the date of the policy? If the jury found that he had not, then they were directed to find a verdict for the plaintiff, without regard to the question whether or not, in fact, at and prior to the time the policy was issued he was suffering from a pulmonary disease. The effect of this instruction was to eliminate from the policy—which was the contract between the parties—one of the terms which they had incorporated in it, and this the court had no authority to do.

But it is said that in instruction No. 2 above the court properly submitted the other ground of defense, and this is true substantially; but instructions 1 and 2 are in irreconcilable conflict. If the jury understood that there was but one question for determination, as stated in instruction No. 1, then they could not have understood that there was any other question for solution, as stated in instruction No. 2. These instructions must of necessity have confused the jury, for it is impossible to reconcile them. It is likewise impossible to determine by which of these instructions the jurors were guided. In *State* v. *Peel*, 23 Mont. 358, 75 Am. St. Rep. 529, 59 Pac. 169, this court said: "Wherever instructions are upon a material point, the one correct and the other incorrect, this court will not presume that the jury followed the correct instruction, but will reverse the judgment, and order a new trial." This doctrine is as applicable to civil as to criminal causes. (*Smith* v. *Perham*, 33 Mont. 309, 83 Pac. 492; *Yoder* v. *Reynolds*, 28 Mont. 183, 72 Pac. 417; *State* v. *Rolla*, 21 Mont. 582, 55 Pac. 523; *Kelley* v. *Cable Co.*, 7 Mont. 70, 14 Pac. 633.) Instruction No. 1 likewise conflicts with instructions 3 and 8, given by the court.

2. Instruction No. 11 ought not to have been given. It relates to a matter not in issue in this case. From that portion of provision No. 2 of the policy quoted above, it will be seen that Sullivan's application for insurance did not form any part of the

contract of insurance. That paragraph declares that the policy itself "contains the entire agreement between the company and the insured." Therefore, so far as the case made by the pleadings here is concerned, it was wholly immaterial what representations Sullivan may have made, or whether such representations were made in good or bad faith. The defense relied upon is a breach of the third provision of the policy, set forth above, and the invalidity of the policy under that provision is not made to depend upon the representations made by the insured, but upon one or both of the two facts mentioned above. For the same reason instruction No. 6 should not have been given; and instruction No. 2, requested by the defendant, was for the same reason properly refused.

3. As this case must go back for a new trial, attention is directed to the concluding sentence of instruction No. 2 above. The policy provides that its terms cannot be changed or its conditions varied, except by a written agreement signed by the president or secretary of the insurance company, and the defendant was therefore entitled to have the jury understand that any waiver of the conditions of the policy must be in writing. As originally proposed, instruction No. 2 properly submitted this to the jury.

For the reasons stated, the judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.