ROBISON, APPELLANT, v. DOVER LUMBER CO., RESPOND-
ENT.

·(No. 4,144.)

(Submitted May 28, 1920. Decided July 6, 1920.)

[191 Pac. 383.]

*Chattel Mortgages—Impairment of Security—Damages—Evi-
dence—Measure of Damages—Pleading—Admissions—Is-
sues—Instructions.*

Chattel Mortgages—Impairment of Security—Evidence Inadmissible as
Speculative.
1. In an action by the mortgagee of a timber flume to recover
damages for its destruction and consequent impairment of his secur-
ity, testimony offered by him that there was merchantable timber on
government land near the flume to cut' which he might have secured a
contract and thus used the flume and realized a profit, *held* properly
excluded as speculative.

Same—What not Defense—Estoppel.
2. Where mortgaged property is injured or its value lessened, the
wrongdoer is liable to the mortgagee and may not be heard to
justify his wrongful act by invoking the provisions of a contract
under which the property would have become the property of another
in the event of a certain contingency.

Same—Measure of Damages.
3. The measure of damages in an action for the destruction of
mortgaged property and impairment of the mortgagee's security is the
amount remaining due upon the debt secured by the mortgage, not to
exceed the value of the property claimed to have been damaged.

Trial—Pleading—Admissions—Instructions.
4. The complaint having alleged that the value of the flume was
totally destroyed, and the answer having admitted that it was of no
value, there was no issue on the question of value and an instruction
thereon was unnecessary and misleading.

. *Appeal from District Court, Sanders County; Asa L. Dun-
can, Judge.*

. ACTION by C. S. Robison against the Dover Lumber Com-
pany. From a judgment for defendant, and an order deny-
ing his motion for new trial, plaintiff appeals. Reversed and .
remanded.

. Cause submitted on briefs of Counsel.

*Mr. H. O. Bond, Mr. John E. Patterson* and *Mr. Lewis M. Simes,* for Appellant.

*Mr. A. S. Ainsworth,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

By a contract entered into with the government of the United States on December 5, 1912, J. P. McKay agreed to purchase a large amount of timber along Canyon Creek in the Cabinet National Forest. The contract authorized McKay to go upon the reservation and install the equipment necessary to remove the timber purchased, and pursuant to that authority he constructed a logging flume for the purpose of floating the logs to be cut, down Canyon Creek into Vermillion Creek, through which latter creek they were to be moved into Clark's Fork of the Columbia, there to be delivered to the Dover Lumber Company, to which company McKay had contracted to sell them. After the flume was completed, McKay gave to this plaintiff a chattel mortgage upon it to secure an indebtedness of $2,500 with interest. McKay's contract with the government expired on October 1, 1914, and contained a provision that any equipment not removed within ninety days thereafter should become the property of the government. His contract with the Dover Lumber Company provided, among other things, that if he should fail to carry out any of its provisions by December 1, 1913, the lumber company might, at its option, take possession of the equipment and complete the contract.

. This action was brought by plaintiff, as mortgagee, to recover damages for the wrongful destruction of the flume and the consequent impairment of his security. After setting forth the execution and delivery of the note and mortgage securing its payment, it is alleged in the complaint that about January 14, 1914, defendant took possession of the flume, and between that date and August 1, following, used it, and in its

use negligently, carelessly and wantonly tore out, displaced and destroyed it to such extent as to render it valueless; that immediately before the flume was destroyed it was of the reasonable value of $10,000 and was ample security for the indebtedness due from McKay to plaintiff; that only $100 has been paid upon the debt secured by the mortgage; that plaintiff has no other security; that the mortgagor is insolvent; and that by reason of the destruction of his security he has been damaged in the sum of $2,723.15, the amount of the unpaid balance.

The answer admits the execution and delivery of the note and mortgage; denies that the flume was of any value whatever; denies any negligence, carelessness or wantonness on defendant's part, or that by any act of defendant, plaintiff's security was impaired, or that plaintiff has been damaged in any sum or at all. The answer then attempts to plead two affirmative defenses: First, that the flume was constructed by McKay with money furnished by defendant, by reason whereof defendant had a right to or interest in it prior and superior to the lien of plaintiff's mortgage; and, second, that the flume was constructed upon the national forest under a license from the government, which license expired before the commencement of this action, and that the flume is the property of the United States. The reply admits that the flume was constructed upon the forest reservation under a permit from the government, and denies all the other affirmative allegations.

The trial of the cause resulted in a verdict for defendant, and plaintiff appealed from an order denying his motion for a new trial.

Complaint is made that the court did not permit plaintiff [1] to prove that there was a large amount of merchantable timber upon the reservation near the flume; that plaintiff might have secured a contract from the government to cut such timber; that he could have taken possession of the flume and used it to remove such timber and could have realized

a profit from the operations sufficient to satisfy the indebtedness due him from McKay. The ruling was correct. Plaintiff did not offer to prove that he had a contract with the government for the purchase of timber, and whether he could have secured a contract, and, if so, whether upon such terms as to be profitable, were matters of speculation altogether. (17 Corpus Juris, 785.) Plaintiff was permitted to prove that the reasonable value of the flume immediately before it was injured was greater than the amount due him from McKay and cannot complain that he was not permitted to do more.

The other assignments refer to instructions given and refused. Instruction 9, given by the court, while not essentially [2] erroneous, is altogether inapplicable. According to the undisputed evidence, the flume was destroyed long before McKay's contract with the government expired, and defendant cannot be heard to justify its wrongful act by invoking the provision of the contract under which it is contended the flume would have become the property of the government if not removed before January 1, 1915. The government might have made such modifications of its contract as it saw fit. It might or might not have availed itself of the benefit of that provision; but, whether it did or not, defendant is liable if by its wrongful or negligent act the flume was injured or its value lessened to plaintiff's prejudice. The same objection may be urged to instruction 14, given by the court. In other words, the provisions of McKay's contract with the government could not be injected into this controversy to any extent whatever, except in so far as the provision for forfeiture of the flume to the government after January 1, 1915, might reflect upon the value of the flume at the time it was destroyed.

The court erred also in giving instruction 12, which assumed that McKay's contract with the lumber company gave to the lumber company a property interest in the flume. The contract does nothing of the kind. At most, it gave to the lumber company only the right to use the flume in a careful and

prudent manner, in the event that McKay failed to carry out the contract.

These three instructions emphasize the fact that the cause was tried and submitted upon an erroneous theory—a theory which transformed a very simple case into one so complicated that it is doubtful whether the jury comprehended it in any respect. The case presented by the pleadings is of the simplest character. The only issues to be submitted to a jury were: (1) Did the destruction of or injury to the flume result from defendant's wrongful or negligent act? If this inquiry was answered in the negative, a verdict for defendant would follow as of course. If answered in the affirmative, then it became necessary for the jury to determine: (2) The value of the flume immediately before it was injured, and (3) the [3] amount remaining due to plaintiff. If plaintiff is entitled to recover, the measure of his damages is the amount remaining due upon the debt secured by the mortgage, not to exceed the value of the flume. (11 Corpus Juris, 619.)

The court erred also in assuming by its instruction 13 that [4] the value of the flume after it was injured was an issue to be determined by the jury. It is alleged in the complaint that the value of the flume was totally destroyed, and the answer admits that it was of no value. There was therefore no issue upon that question, and the instruction could not fail to mislead the jury. (*Sullivan* v. *Metropolitan Life Ins. Co.,* 35 Mont. 1, 88 Pac. 401.)

Because of the particular errors herein considered and because of the fact that the case was tried upon an erroneous theory, the order is reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Associate Justices Hurly, Matthews and Cooper concur.